**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gerardo REYES–CASTRO,**
**Defendant–Appellant.**

No. 93–4038.

United States Court of Appeals,
Tenth Circuit.

Dec. 30, 1993.

Benjamin P. Knowlton, Salt Lake City, UT, for defendant-appellant.

Wayne T. Dance, Asst. U.S. Atty. (David J. Jordan, U.S. Atty., with him on the brief), Salt Lake City, UT, for plaintiff-appellee.

Before LOGAN, SEYMOUR, and MOORE, Circuit Judges.

SEYMOUR, Circuit Judge.

Gerardo Reyes–Castro was convicted of re-entry after deportation in violation of 8 U.S.C. § 1326 (1988). He appeals the district court's order denying his motions to dismiss the indictment and to suppress evidence of the underlying deportation. He alleges that the Immigration and Naturalization Service (INS) erroneously classified his prior state conviction for attempted sexual

abuse of a child as an "aggravated felony." As a result, he claims his deportation was unlawful and his subsequent re-entry into the United States was not illegal. We affirm.

## I.

Mr. Reyes–Castro was charged in state court with sexually abusing his twelve year old daughter. On advice from counsel, he pled guilty to a reduced charge of attempted sexual abuse of a child, a third degree felony.[1] He was sentenced to jail, a period of probation, and counseling. After completing his jail term, the INS conducted a hearing and deported him for having committed an "aggravated felony" within the meaning of 8 U.S.C. § 1101(a)(43). Four months later, Mr. Reyes–Castro was arrested in the United States and charged with violating the deportation order, a federal offense punishable by up to fifteen years in prison. *See* 8 U.S.C. § 1326(b). Mr. Reyes–Castro moved the district court to dismiss the charge, or in the alternative to suppress evidence of his prior deportation.[2] The district court denied both motions. On appeal, Mr. Reyes–Castro contends that the court should have granted his motions because his misclassification under the aggravated felony provision prior to deportation denied him due process.

## II.

■ "A collateral attack on the constitutional validity of deportation proceedings underlying a § 1326 criminal prosecution is a mixed question of law and fact." *United States v. Valdez,* 917 F.2d 466, 468 (10th Cir.1990). Mixed questions of law and fact involving constitutional rights are reviewed *de novo. Id.*

In *United States v. Mendoza–Lopez,* 481 U.S. 828, 839, 107 S.Ct. 2148, 2156, 95 L.Ed.2d 772 (1987), the Supreme Court stated "that a collateral challenge to the use of a deportation proceeding as an element of a criminal offense must be permitted where

the deportation proceeding effectively eliminates the right of the alien to obtain judicial review." Interpreting the scope of this decision, we have stated that "an alien can collaterally challenge deportation hearings if the alien can show that the deportation hearings were fundamentally unfair and deprived the alien of the right to judicial review." *Valdez,* 917 F.2d at 469. Mr. Reyes–Castro claims that his deportation proceeding was fundamentally unfair and deprived him of his right to judicial review because the INS improperly classified his prior state conviction as an "aggravated felony."

## III.

Under 8 U.S.C. § 1101(a)(43), the definition of "aggravated felony" includes:

any crime of violence (as defined in section 16 of Title 18, not including a purely political offense) for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least 5 years, or any attempt or conspiracy to commit any such act.

The first issue is whether attempted sexual abuse of a child is considered a crime of violence under 18 U.S.C. § 16. This section defines a crime of violence as:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.*

The district court found that Mr. Reyes–Castro was convicted under the section of the Utah statute that states:

A person commits sexual abuse of a child if ... the actor touches the anus, buttocks, or genitalia of any child, the

---

1. Due to a typographical error, the order of judgment states that Mr. Reyes–Castro pled guilty to attempted forcible sexual abuse of a child. Because this offense does not exist in Utah, the court suppressed any evidence that Reyes–Castro pled to this offense.

2. He also moved to suppress statements that he made to the INS officer without Miranda warnings. The district court granted this motion.

breast of a female child younger than 14 years of age, or otherwise takes indecent liberties with a child, or causes a child to take indecent liberties with the actor or another ... with the intent to arouse or gratify the sexual desire of any person regardless of the sex of any participant.

Utah Code Ann. 76–5–404.1(1) (1990). Although this offense does not involve physical force as an element of the crime, the government contends it falls with 18 U.S.C. § 16(b) because "by its nature" it involves a "substantial risk that physical force [may be used] against the person ... of another." *Id.*

◾ The Eighth Circuit has held that an Iowa crime with the same elements as the crime here is "by its nature a crime of violence" under federal law. *See United States v. Rodriguez,* 979 F.2d 138, 141 (8th Cir. 1992).[3] We agree with the Eighth Circuit that a court must only look to the statutory definition, not the underlying circumstances of the crime, to make this determination. *Id.* at 140–41. *See also United States v. Bauer,* 990 F.2d 373 (8th Cir.1993) (per curiam) (Statutory rape is a crime of violence even if victim consented); *cf., Taylor v. United States,* 495 U.S. 575, 588–89, 110 S.Ct. 2143, 2153, 109 L.Ed.2d 607 (1990) (Categorical approach used to determine if crime is a violent felony under federal Armed Career Criminal Act).

◾ We also agree with the Eighth Circuit and affirm the district court's holding that attempted sexual abuse of a child is a crime of violence. In making its determination, the district court analyzed the role of force in crimes where lack of victim consent is an element. The court first examined the Utah rape statute. Under Utah law, physical force is not an element of the crime of rape. Rape is defined as: "sexual intercourse with another person ... without the victim's consent." Utah Code Ann. § 76–5–402(1) (1990). Utah courts recognize that

rape is a violent crime. *State v. Cude,* 784 P.2d 1197, 1203 n. 27 (Utah 1989) (quoting *State v. Bell,* 754 P.2d 55, 57 (Utah 1988). Because the crime involves a non-consensual act upon another person, there is a substantial risk that physical force may be used in the course of committing the offense. It does not matter whether physical force is actually used. "Our scrutiny ends upon a finding that the risk of violence is present." *Rodriguez,* 979 F.2d at 141. Thus, rape would be a crime of violence under 18 U.S.C. § 16(b).

Mr. Reyes–Castro's victim was under the age of 14 and therefore irrebuttably incapable of consent under Utah law. Utah Code Ann. § 76–5–406 (1990) states:

An act of ... attempted sexual abuse of a child ... is without consent of the victim under any of the following circumstances: ... (9) the victim is younger than 14 years of age.

A common sense view of the sexual abuse statute, in combination with the legal determination that children are incapable of consent, suggests that when an older person attempts to sexually touch a child under the age of fourteen, there is always a substantial risk that physical force will be used to ensure the child's compliance. Sexual abuse of a child is therefore a crime of violence under 18 U.S.C. § 16(b).

The second issue in determining whether Mr. Reyes–Castro committed an "aggravated felony" is whether the term of imprisonment imposed for the crime of violence was for "at least 5 years." In Utah, the crime of attempted sexual abuse of a child is a third degree felony. Mr. Reyes–Castro pled guilty to this offense and was sentenced as required by Utah statute to an indeterminate sentence "not to exceed five years." Utah Code Ann. § 76–3–203(3) (1990). His sentence was suspended with thirty-six months probation on the condition that he serve one year with possible release after three months. He served his sentence and was deported upon release.

---

**3.** The Iowa statute at issue stated:

It is unlawful for any person eighteen years of age or older to perform any of the following acts with a child with or without the child's consent ... for the purpose of arousing or satisfying the sexual desires of either of them:

1. Fondle or touch the pubes or genitals of a child.

Iowa Code § 709.8.

An indeterminate sentence is a "sentence to imprisonment for the maximum period defined by law, subject to termination ... at any time after service of the minimum period." *Black's Law Dictionary* 694 (5th ed. 1979); *see also, State v. Nemier,* 106 Utah 307, 148 P.2d 327, 331 (1944) (indeterminate sentence is definite sentence for maximum term subject to termination by parole board). Under Utah law, therefore, we must construe Mr. Reyes–Castro's sentence as a sentence for a term of five years. Title 8 U.S.C. § 1101(a)(43) states that the term of imprisonment imposed must be at least 5 years, "regardless of any suspension of such imprisonment." Although Mr. Reyes–Castro was actually sentenced to one year in jail with possible release after three months, the provision of his sentence that enabled this shorter jail term was a condition of the suspension provision. Because the suspension itself must be disregarded, the conditions that enabled the suspension must also be disregarded. Accordingly, we conclude that Mr. Reyes–Castro's sentence was for a term of at least five years within the meaning of section 1101(a)(43).

We conclude that Mr. Reyes–Castro was correctly characterized as an "aggravated felon." We AFFIRM the district court's order denying Mr. Reyes–Castro's motions to dismiss and to suppress evidence of his deportation.