**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 18 1998**

**PATRICK FISHER**
**Clerk**

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellant,

v.

MANUEL CORONADO-
CERVANTES, JR.,

      Defendant-Appellee.

No. 96-2247

---

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. CR 94-235-MV)**

---

Robert J. Gorence, First Assistant United States Attorney (John J. Kelly, United States Attorney, and Jason Bowles, Special Assistant United States Attorney, Las Cruces, New Mexico, with him on the briefs) for Plaintiff-Appellant.

Douglas E. Couleur, Douglas E. Couleur, P.A., Santa Fe, New Mexico, for Defendant-Appellee.

---

Before **BRORBY**, **HOLLOWAY** and **EBEL**, Circuit Judges.

---

**EBEL**, Circuit Judge.

---

      Manuel Coronado-Cervantes ("Coronado-Cervantes") has concededly committed two violent criminal offenses. In this appeal, the only question is

whether Coronado-Cervantes should be sentenced as a career offender under United States Sentencing Guidelines ("U.S.S.G.") §§ 4B1.1 & 4B1.2. The district court concluded that Coronado-Cervantes' prior conviction for sexual contact with a minor is not a "crime of violence" as defined by U.S.S.G. § 4B1.2 and declined to sentence him as a career offender. The government appeals. We reverse.

## Background

In his most recent criminal proceeding, Coronado-Cervantes pleaded guilty to violating 18 U.S.C. §§ 1153, 2242(1) & 2246(2)(A) by sexually assaulting his mother. At sentencing, the parties disputed whether Coronado-Cervantes had two prior convictions of "crimes of violence," which are a necessary predicate to his instant sentence as a career offender under U.S.S.G. §§ 4B1.1 & 4B1.2.

Specifically, the government contended that Coronado-Cervantes' 1991 conviction[1] of engaging in sexual contact with a minor should be considered a "crime of violence" as defined by U.S.S.G. § 4B1.2. In the 1991 proceeding, Coronado-Cervantes pleaded guilty to violating 18 U.S.C. §§ 1153, 2244(a)(1), &

---

[1] Coronado-Cervantes pleaded guilty to this offense in 1991 and was sentenced in 1992. We refer to this conviction herein as the 1991 conviction.

- 2 -

2245(3)[2] by :

> knowingly engag[ing] in sexual contact with Jane Doe, an Indian juvenile, who had not attained the age of twelve years at the time, in that he intentionally touched, directly and through the clothing, her genitalia, anus, groin, breasts, inner thigh, and buttocks, with an intent to abuse, humiliate, harass, degrade and gratify his sexual desires, and Jane Doe was at that time incapable of appraising the nature of the conduct, physically incapable of declining participation in the sexual contact, and physically incapable of communicating unwillingness to engage in the sexual contact.

The district court in the instant case stated that it would look only at what Coronado-Cervantes pleaded guilty to in 1991, and that there was nothing in the elements of the offense, in the plea agreement, or in the information that alluded to a use of force.[3] Thus, the court held that this conviction for sexual contact with a minor did not constitute a "crime of violence" under U.S.S.G. § 4B1.2.

---

[2] 18 U.S.C. § 2245 has since been renumbered as 18 U.S.C. § 2246. See Pub. L. No. 103-322, 108 Stat. 1972 (1994).

[3] On appeal, Coronado-Cervantes moves to strike Items 2, 3, 7, and 8 of the government's designation of record on the ground that these documents were not before the district court. We do not find Item 2 in the appellate record, and thus as to it the motion is moot. We grant the motion as to Items 3 and 8. As to Item 7, however, the sentencing transcript in the instant case indicates that the district court had referred to the plea agreement in the 1991 case. Thus, we deny the motion to strike this document from the appellate record.

## Analysis

The Sentencing Guidelines mandate greater terms of imprisonment if a defendant is a career offender. See U.S.S.G. § 4B1.1. A defendant must meet three criteria to be considered a career offender:

> (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. For purposes of § 4B1.1, the term "crime of violence" is defined as:

> any offense under federal or state law punishable by imprisonment for a term exceeding one year that –
> (i)     has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (ii)    is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(1). "Under this section, the conduct of which the defendant was convicted is the focus of inquiry." U.S.S.G. § 4B1.2 cmt. n.2.

There is no dispute that Coronado-Cervantes meets the first two criteria, so only the third is at issue in this appeal. The government concedes that the offense to which Coronado-Cervantes pleaded guilty in 1991 does not have as an element the use, attempted use, or threatened use of physical force. However, it argues that Coronado-Cervantes is deserving of the career offender enhancement under

§ 4B1.2(1)(ii)'s "otherwise" clause, because his conduct toward the child whom he victimized presented a serious potential risk of physical injury to her.

The government's argument is well-supported in the case law. Every published appellate decision which has considered applying the "otherwise" clause in the context of sexual offenses involving minors has found a "serious potential risk of physical injury" to the minors under U.S.S.G. § 4B1.2(1)(ii) and has held that the offenses at issue are "crimes of violence." See United States v. Meader, 118 F.3d 876, 881, 884 (1st Cir. 1997) (statutory rape and unlawful sexual contact with a child under the age of fourteen), cert. denied, 118 S. Ct. 729 (1998); United States v. Kirk, 111 F.3d 390, 394-95 (5th Cir. 1997) (indecency with eight-year-old child involving sexual contact); United States v. Shannon, 110 F.3d 382, 387 (7th Cir.) (en banc) (sexual intercourse with thirteen-year-old), cert. denied, 118 S. Ct. 223 (1997); United States v. Taylor, 98 F.3d 768, 774 (3d Cir. 1996) (facts alleged in indecent exposure count "unquestionably present a potential for serious injury to the victim"), cert. denied, 117 S. Ct. 1016 (1997); United States v. Wood, 52 F.3d 272, 275 (9th Cir. 1995) (indecent liberties with a minor); United States v. Bauer, 990 F.2d 373, 375 (8th Cir. 1993) (per curiam) (sexual intercourse with female under sixteen). The only decision we have been able to find to the contrary is an unpublished Ninth Circuit decision. See United

States v. Dia, No. 93-10592, 1994 WL 590138, at *3 (9th Cir. Oct. 27, 1994) (unpublished) (sexual contact with a minor).

Although we have never decided whether a sexual offense involving a minor qualifies as a "crime of violence" under U.S.S.G. § 4B1.2, we considered an analogous situation in United States v. Reyes-Castro, 13 F.3d 377 (10th Cir. 1993). In Reyes-Castro, we held that attempted sexual abuse of a child was a "crime of violence" under 18 U.S.C. § 16, for purposes of determining whether defendant was correctly deported for having committed an "aggravated felony" under 8 U.S.C. § 1101(a)(43). See id. at 379. "A common sense view of the sexual abuse statute, in combination with the legal determination that children are incapable of consent, suggests that when an older person attempts to sexually touch a child under the age of fourteen, there is always a substantial risk that physical force will be used to ensure the child's compliance." Id.; see also United States v. Passi, 62 F.3d 1278, 1282 (10th Cir. 1995) (finding that district court "has support in classifying sexual abuse of a minor, regardless of incest, as a crime of violence").

We realize that the definitions of "crime of violence" in 18 U.S.C. § 16 and U.S.S.G. § 4B1.2 differ. The relevant part of 18 U.S.C. § 16 requires a showing that the offense "involves a substantial risk that physical force against the person or property of another may be used," while U.S.S.G. § 4B1.2 requires a showing

that the offense "otherwise involves conduct that presents a serious potential risk of physical injury to another." Nonetheless, we consider Reyes-Castro persuasive. See Kirk, 111 F.3d at 394 ("[T]he reasoning employed in § 16 cases is persuasive authority for the conclusion reached today."); Bauer, 990 F.2d at 374-75 (previous Eighth Circuit decision finding lascivious acts with a child was a "crime of violence" under 18 U.S.C. § 16 compelled panel to find that sexual intercourse with a female under age sixteen was a "crime of violence" under U.S.S.G. § 4B1.2).

Following Reyes-Castro and in line with our sister circuits, we hold that the conduct with which Coronado-Cervantes was charged and to which he pleaded guilty by its nature presented a serious potential risk of injury to his victim and thus should be considered a "crime of violence" under U.S.S.G. § 4B1.2.

Coronado-Cervantes argues that this interpretation of U.S.S.G. § 4B1.2 renders meaningless § 4B1.2's commentary, which specifies that "forcible sex offenses" are crimes of violence. He argues that the designation of "forcible sex offenses" means that the Guideline must necessarily exclude non-forcible sex offenses. However, we do not believe that the inclusion of the phrase "forcible sex offenses" means that non-forcible sex offenses cannot ever be considered "crimes of violence" even if they come within the "otherwise" provision. See Meader, 118 F.3d at 883-84 ("Although the use of force in virtually every

instance could be expected to create a serious risk of injury, it is not the only way in which the guideline standard could be met."); Shannon, 110 F.3d at 388 ("All forcible sex offenses are crimes of violence; it does not follow that no nonforcible ones are.").

**Conclusion**

The judgment of the district court is REVERSED and this case is REMANDED for resentencing under U.S.S.G. §§ 4B1.1 & 4B1.2.