UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

    *Plaintiff-Appellee,*

v.

LEON WILSON, JR.,

    *Defendant-Appellant.*

No. 00-4806

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
David A. Faber, District Judge.
(CR-00-52)

Submitted: May 22, 2001

Decided: June 19, 2001

Before WILKINS, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Kevin B. Burgess, HAMILTON, BURGESS, YOUNG & POLLARD, Fayetteville, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Leon Wilson, Jr., appeals his 71-month sentence for possession of a firearm by a convicted felon, 18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West Supp. 2000). Wilson claims that his base offense level was improperly set at 24, based on his having two prior felony convictions for crimes of violence. He contends first that the prior offenses were not crimes of violence. Second, Wilson asserts that, because the offenses were related, they should count only as one prior felony conviction. We affirm.

A defendant convicted of being a felon in possession of a firearm is assigned a base offense level of 24 if he has "at least two prior felony convictions of . . . a crime of violence." *U.S. Sentencing Guidelines Manual* § 2K2.1(a)(2) (1998). In 1994 Wilson was sentenced in Michigan to five years probation on two counts of attempted third degree criminal sexual conduct. The district court determined that these convictions qualified as the requisite two predicate violent felonies.

We agree with the district court that attempted third degree sexual assault in Michigan constitutes a "crime of violence" under the guidelines. *See* USSG § 4B1.2(a)(2). Using a categorical approach (looking first to the fact of conviction, then to the definition of the prior offense) to decide whether the Michigan offenses were crimes of violence was not possible because of the statute's ambiguity. The district court therefore made its determination based upon the charging document—here, the indictment. *See United States v. Kirksey*, 138 F.3d 120, 122-24 (4th Cir. 1998). The indictment, which charged Wilson with three separate counts of first degree criminal sexual conduct, stated that Wilson had engaged in sexual intercourse with a minor, age 13-14. The district court concluded that such activity presented a serious risk of injury, including pregnancy and disease. Because the Michigan indictment charged conduct that presented "a serious potential risk of physical injury to another," USSG § 4B1.2(a)(2), the district court did not err in finding that the two Michigan offenses were crimes of violence. *See also United States v. Sherwood*, 156 F.3d 219,

221-22 (1st Cir. 1998); *United States v. Coronado-Cervantes*, 154 F.3d 1242 (10th Cir. 1998).

The district court also correctly found that the Michigan offenses constituted two predicate violent felonies under the guidelines. The number of prior felony convictions for crimes of violence depends upon whether criminal history points were assigned for each prior conviction. USSG § 2K2.1, comment. (n.5). The Michigan sentences were "related," USSG § 1B1.3, comment. (n.9(A)), which ordinarily would require that they be treated as one prior sentence. USSG § 4A1.2(a)(1)-(2). However, because the prior sentences were for crimes of violence, Wilson properly was assigned a second criminal history point. USSG § 4A1.1(f). He therefore had the requisite two prior felonies under USSG § 2K2.1(a)(2).

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

*AFFIRMED*