**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 21 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

BENITO ORTEGA-GARCIA, a/k/a
Benito Ortega,

      Defendant - Appellant.

No. 99-5217
(D.C. No. 99-CR-1-C)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRORBY**, and **BRISCOE**, Circuit Judges.

Mr. Ortega-Garcia appeals from his sentence for unlawful reentry of a deported alien, 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and affirm.

I. Background

In 1996, Mr. Ortega-Garcia was convicted of assault with a dangerous weapon, a felony under Oklahoma law, Okla. Stat. tit. 21 § 645. I R. doc. 25, ex.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

A, at 1; IV R. at 9-12, after having chased his girlfriend around a parking lot, grabbed her shirt collar, knocked her to the ground, slapped her, and threatened to stab her with a pocket knife before witnesses intervened.  II R. at 7 (presentence report).  He was given a two-year suspended sentence, I R. doc. 25, ex. A, at 2, and was later deported.  II R. at 7.  Shortly thereafter, he returned to Oklahoma and was arrested for having violated the terms of his suspended sentence.  Id.  Mr. Ortega-Garcia's suspended sentence was revoked, id. at 9, and he was sentenced to one year of imprisonment.  Id.  After serving his state sentence, Mr. Ortega-Garcia was charged and convicted in federal court of unlawful reentry of a deported alien, 8 U.S.C. § 1326.  I R. doc. 28, at 1.

At sentencing, the district court concluded that Mr. Ortega-Garcia's conviction for assault with a dangerous weapon was an aggravated felony.  IV R. at 16-17.  The district court therefore increased Mr. Ortega-Garcia's offense level sixteen levels, and sentenced him to sixty-three months of imprisonment and three years of supervised release.  Id. at 30; I R. doc. 28, at 2-3.  Mr. Ortega-Garcia appeals from this enhancement and raises two issues for our consideration.[1]

---

[1]  At oral argument, counsel for Mr. Ortega-Garcia waived Mr. Ortega-Garcia's argument in his brief that "[d]ouble counting caused him to get a longer sentence." Aplt. Br. at 8.  Counsel also conceded that Mr. Ortega-Garcia's due process argument that his sentence was imposed in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), Aplt. Br. at 18-19, was foreclosed by our precedent. We therefore do not address those arguments here.

## II. Discussion

### A. The Government's Burden of Proof

Mr. Ortega-Garcia first argues that the government should have been required to prove that Mr. Ortega-Garcia's prior conviction was an aggravated felony by clear and convincing evidence because the aggravated felony enhancement significantly increased his sentence. Mr. Ortega-Garcia fails to cite any case that stands for this proposition. Neither Apprendi v. New Jersey, 530 U.S. 466 (2000), Almendarez-Torres v. United States, 523 U.S. 224, 248 (1998), nor United States v. Watts, 519 US. 148, 156 (1997), upon which Mr. Ortega-Garcia relies, are availing. In fact, in United States v. Martinez-Villalva, 232 F.3d 1329 (10th Cir. 2000), decided after Apprendi, we reiterated the long-standing rule that "it is the government's burden to prove the facts supporting a sentence enhancement by a preponderance of the evidence." Martinez-Villalva, 232 F.3d at 1333 (citation omitted). This is true even if the enhancement will substantially increase the defendant's sentence. United States v. Segien, 114 F.3d 1014, 1021 (10th Cir. 1997). Accordingly, Mr. Ortega-Garcia's argument fails.

### B. Prior Conviction an Aggravated Felony

Mr. Ortega-Garcia next argues that the district court erred in concluding that his prior conviction was an aggravated felony. This argument also fails. At sentencing, the district court concluded that Mr. Ortega-Garcia's prior conviction

- 3 -

clearly fell within the definition of an aggravated felony. IV R. at 16. "We review the district court's interpretation and application of the Sentencing Guidelines de novo." Martinez-Villalva, 232 F.3d at 1332 (citation and internal quotations omitted). If a defendant is convicted of unlawful entry of a deported alien and was previously deported after conviction for an aggravated felony, the defendant's base offense level is increased sixteen levels. U.S.S.G. § 2L1.2(b)(1)(A). An aggravated felony includes "a crime of violence . . . for which the term of imprisonment [is] at least one year . . . ." 8 U.S.C. § 1101(a)(43)(F).

A crime of violence is

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. We look only to the statutory definition of assault with a dangerous weapon to determine whether the offense is a crime of violence. United States v. Reyes-Castro, 13 F.3d 377, 379 (10th Cir. 1993) ("[A] court must only look to the statutory definition, not the underlying circumstances of the crime, to make this determination.") (citation omitted). Assault with a dangerous weapon occurs where a person

with intent to do bodily harm and without justifiable or excusable

cause, commits any assault, battery, or assault and battery upon the person of another with any sharp or dangerous weapon, . . . , although without the intent to kill such person or to commit any felony, [and is] upon conviction . . . a felony punishable by imprisonment in the penitentiary not exceeding ten (10) years, or by imprisonment in a county jail not exceeding one (1) year.

Okla. Stat. tit. 21 § 645 (1983). It is readily apparent that assault with a dangerous weapon satisfies either definition of crime of violence. It has as an element the use, attempted use, and threatened use of physical force against another person, 18 U.S.C. § 16(a), and, alternatively, is a felony that involves a substantial risk of physical force. Id. § 16(b). Therefore, because Mr. Ortega-Garcia was previously convicted for a crime of violence, and because he was sentenced to a term of imprisonment at least one year in length, the district court correctly concluded that Mr. Ortega-Garcia had been convicted of an aggravated felony.

Mr. Ortega-Garcia argues he did not commit a crime of violence because his term of imprisonment was not at least one year in length. To determine whether Mr. Ortega-Garcia's sentence was a term of imprisonment of at least one year, we look to "the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." 8 U.S.C. § 1101(a)(48)(B) (emphasis added). Accordingly, Mr. Ortega-Garcia's original two-year sentence is deemed to be for a term of imprisonment of at least one year, notwithstanding

the fact that the sentence was suspended. Furthermore, Mr. Ortega-Garcia's subsequent sentence of one-year imprisonment for violating the terms of his suspended sentence also constitutes a term of imprisonment of at least one year.

Mr. Ortega-Garcia cites Martinez-Villalva, apparently for the proposition that the government failed to prove that Mr. Ortega-Garcia's prior conviction was an aggravated felony by a preponderance of the evidence. Martinez-Villalva is readily distinguishable from this case. In Martinez-Villalva, the government failed to prove by a preponderance of the evidence that the defendant received a suspended sentence rather than an original sentence of probation. 232 F.3d at 1333. The only evidence submitted by the government regarding the defendant's theft conviction was a state court journal entry. Id. Furthermore, the journal entry did not "state that the court suspended the sentence of imprisonment . . . ." Id. By way of contrast, the judgment and sentence submitted by the government in this case clearly states that Mr. Ortega-Garcia was convicted of a felony and received a suspended sentence. I R. doc. 25, ex. A, at 2. Furthermore, two witnesses provided uncontroverted testimony at the sentencing hearing that Mr. Ortega-Garcia's prior conviction was an aggravated felony. IV R. at 4-15. It was therefore "possible to discern with the required certainty" that Mr. Ortega-Garcia was convicted of a felony and received a suspended sentence as opposed to an original sentence of probation. Martinez-Villalva, 232 F.3d at 1334 (citation and

internal quotations omitted).

Finally, Mr. Ortega-Garcia argues that because sentences for unlawful reentry of a deported alien in the Southern District of California are much shorter than those imposed in other federal districts, see United States v. Banuelos-Rodriguez, 173 F.3d 741, 742 (9th Cir.), opinion withdrawn by, 195 F.3d 454 (9th Cir. 1999), this disparity somehow diminishes the violent nature of Mr. Ortega-Garcia's conviction for assault with a dangerous weapon. He also argues that "[t]he aggravated felony status was particularly contrived by the US Attorney's role in this case while working with the prosecutor in the Tulsa County Juvenile Court." Aplt. Br. at 16 (emphasis in original). Apparently, a proceeding had commenced in family court to relinquish Mr. Ortega-Garcia's parental rights to a child he fathered in 1997. I R. doc. 17, at 2. Both the alleged sentencing disparity and the government's alleged participation in the family court proceedings are totally irrelevant to the question before us.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge