**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 20 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EARNEST DANIELS, JR.,

Defendant-Appellant.

No. 01-1469
(D.C. No. 01-CR-13-D)
(D. Colorado)

**ORDER AND JUDGMENT** *

Before **PORFILIO** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant-appellant Earnest Daniels, Jr. pled guilty to one count of

possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

He was sentenced to forty-six months of imprisonment, to be followed by a term of three years of supervised release. Mr. Daniels presents two issues on appeal: (1) whether a prior conviction for sexual assault on a child was properly defined as a "crime of violence" within the meaning of the United States Sentencing Commission, *Guidelines Manual* (USSG) § 4B1.2(a), and (2) whether the district court believed that it did not have the authority to depart from sentencing guidelines. We have jurisdiction over Mr. Daniels' appeal pursuant to 28 U.S.C. § 1291. Our jurisdiction to review Mr. Daniels' sentence arises under 18 U.S.C. § 3742(a).

"We review the district court's factual findings regarding sentencing for clear error and review its legal interpretation of the Sentencing Guidelines *de novo*." *United States v. Arevalo*, 242 F.3d 925, 927 (10th Cir. 2001) (citing *United States v. Maldonado-Acosta*, 210 F.3d 1182, 1183 (10th Cir. 2000)). Whether Mr. Daniels' state felony conviction for sexual assault on a child is a "crime of violence" is a question of law that we review *de novo*. *United States v. Moyer*, 282 F.3d 1311, 1314 (10th Cir. 2002).

## I.

The district court found that Mr. Daniels' prior conviction for sexual assault on a child constituted a "crime of violence," which increased his base offense level to 20, pursuant to USSG § 2K2.1(a)(4). Mr. Daniels makes several

arguments challenging this determination.  First, he contends that the district court erroneously placed the burden on him to prove his state felony conviction was not a "crime of violence."  Based on our review of the entire transcript of the sentencing proceeding, the district court did not place the burden of proof on Mr. Daniels.  He is relying on one statement by the court.  When read as a whole, the transcript clearly indicates that the burden of proof was not shifted.

Mr. Daniels was convicted of a violation of Colo. Rev. Stat. § 18-3-405, which provides, in relevant part:

§ 18-3-405.  Sexual assault on a child.

(1)  Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age and the actor is at least four years older than the victim.

(2)  Sexual assault on a child is a class 4 felony, but it is a class 3 felony if:

(a)  The actor applies force against the victim in order to accomplish or facilitate sexual contact; or

(b)  The actor, in order to accomplish or facilitate sexual contact, threatens imminent death, serious bodily injury, extreme pain, or kidnapping against the victim or another person, and the victim believes that the actor has the present ability to execute the threat; or

(c)  The actor, in order to accomplish or facilitate sexual contact, threatens retaliation by causing in the future the death or serious bodily injury, extreme pain or kidnapping against the victim or another person and the victim believes that the actor will execute the threat . . . .

Mr. Daniels argues that his prior conviction was not a "crime of violence" because a class 4 felony under § 18-3-405 does not include in its definition force or threats of force as an element of the crime. He contends that because he was convicted of "sexual contact," the least severe unlawful sexual conduct under the Colorado Criminal Code, he is not guilty of a "crime of violence." He states that sexual contact with a child under the age of fifteen does not present a risk of physical injury.

To evaluate his arguments, we look to the definition of "crime of violence" set forth in USSG § 4B1.2(a):

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*

(Emphasis added.) If Mr. Daniels' conviction for sexual assault on a child fits the "or otherwise" category of offenses described in § 4B1.2(a)(2), it is not necessary that the offense had as an element the use or threatened use of physical force, and his base offense level was properly increased by the district court.

In *United States v. Reyes-Castro*, 13 F.3d 377 (10th Cir. 1993), this court addressed the question of whether attempted sexual abuse of a child of twelve could be considered a "crime of violence" within the meaning of 18 U.S.C. § 16. The offense in question in *Reyes-Castro* did not involve physical force as an element of the crime. *Id.* at 379. However, we concluded that "[b]ecause the crime involves a *non-consensual* act upon another person, there is a substantial risk that physical force may be used in the course of committing the offense. It does not matter whether physical force is actually used." *Id.* (emphasis added). We further concluded that

> [a] common sense view of the sexual abuse statute, in combination
> with the legal determination that children are incapable of consent,
> suggests that when an older person attempts to sexually touch a child
> under the age of fourteen [below the age of consent in Utah], there is
> always a substantial risk that physical force will be used to ensure
> the child's compliance.

*Id.*

A more analogous case would be *United States v. Coronado-Cervantes*, 154 F.3d 1242 (10th Cir. 1998), which involved determining whether sexual contact with a child under the age of twelve was a "crime of violence" within the "or otherwise" clause of USSG § 4B1.2(a)(2). In *Coronado-Cervantes* we again took the common sense approach and determined, that by *its very nature*, the act of engaging in sexual contact with a minor "presented a serious potential risk of injury to [the] victim and thus should be considered a 'crime of violence' under

U.S.S.G. § 4B1.2." *Id.* at 1245. Whenever a minor child is sexually assaulted by an older person the inherent power imbalance presents a serious potential risk of physical injury to the child.

By statute, the State of Colorado has defined a person under the age of eighteen variously as a child or a person incapable of consent.[1] In crafting § 18-3-405, the Colorado legislature has purposefully chosen to further protect a more narrow group, children under the age of fifteen. In doing so they recognized the risks present in non-consensual contact with a child fourteen or younger. The district court, in accord with our precedent, properly determined Mr. Daniels' prior conviction under Colorado law for assault of a minor child a "crime of violence."

---

[1]     Colo. Rev. Stat. § 18-3-404(1.5) Unlawful sexual contact, states:

> Any person who knowingly, with or without sexual contact, induces or coerces a child by any of the means set forth in section 18-3-402 to expose intimate parts or to engage in any sexual contact, intrusion, or penetration with another person, for the purpose of the actor's own sexual gratification, commits unlawful sexual contact. For the purposes of this subsection (1.5), the term "child" means any person under the age of eighteen years.

*See also* Colo. Rev. Stat. § 14-2-106 (1997) (requiring the consent of both parents for a person under the age of eighteen to marry); Colo. Rev. Stat. § 13-22-101 (1997) (requiring a person be eighteen years of age to be competent to contract, manage their estate, sue, and make decisions regarding their body).

II.

Mr. Daniels also argues on appeal that the district court erred in denying a downward departure in his sentencing. Generally, we lack jurisdiction to review a sentencing court's discretionary refusal to depart from the guideline range. *See United States v. Guidry,* 199 F.3d 1150, 1161 (10th Cir. 1999). Mr. Daniels acknowledges that such discretionary decisions are largely unreviewable. However, he maintains that an exception occurs if a court erroneously believes it does not have the authority to depart from the sentencing guideline range.

This exception has a very narrow application. "[T]he courts of appeals cannot exercise jurisdiction to review a sentencing court's refusal to depart from the sentencing guidelines except in the very rare circumstances that the district court states that it does not have any authority to depart from the sentencing guideline range for the entire class of circumstances proffered by the defendant." *United States v. Castillo*, 140 F.3d 874, 887 (10th Cir. 1998) (citations omitted). We will not assume the district court was unaware of its discretion to depart downward from the guidelines, even if the district court is silent on the point. *United States v. Rowen*, 73 F.3d 1061, 1063 (10th Cir. 1996). "[U]nless the judge's language unambiguously states the judge does not believe he has authority

to downward depart, we will not review his decision." *United States v. Rodriguez*, 30 F.3d 1318, 1319 (10th Cir. 1994).

There is nothing in the record that leads us to believe that the district court was unaware of its discretion to depart from the guidelines. The court listened to argument from Mr. Daniels and specifically found that "the defendant has not demonstrated that the criminal history category overrepresents the seriousness of defendant's past record." R. Vol. 3 at 37. The court addressed both whether or not the criminal history category significantly overrepresented the seriousness of defendant's criminal history and the likelihood that the defendant would commit further crimes. *Id.* It is very clear from the district court's statements regarding the application of USSG § 4A1.3 that the court understood that it had authority to depart, but did not feel that departure was warranted. We therefore lack jurisdiction to consider the court's departure decision.

Accordingly, we AFFIRM the judgment of the United States District Court for the District of Colorado.

Entered for the Court,


John C. Porfilio
Circuit Judge

-8-