United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50809
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY BURNETT PARSONS,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:04-CR-65-2

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Gary Burnett Parsons appeals his guilty-plea conviction and sentence for aiding and abetting the possession with intent to distribute more than five grams of crack within one thousand feet of a protected location. He was sentenced to one hundred twenty months of imprisonment and sixteen years of supervised release.

For the first time on appeal, Parsons argues that 21 U.S.C. § 860 is unconstitutionally vague. In connection with this argument, Parsons contends that the evidence is insufficient to support the factual basis for his guilty plea and the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred in allocating a two-point enhancement pursuant to U.S.S.G. § 2D1.2.

Because this vagueness challenge was not raised in the district court, we review it for plain error only. <u>United States v. Lankford</u>, 196 F.3d 563, 570 (5th Cir. 1999); <u>United States v. Spires</u>, 79 F.3d 464, 465 (5th Cir. 1996); <u>United States v. Knowles</u>, 29 F.3d 947, 950-51 (5th Cir. 1994). To prevail on plain-error review, Parsons must show that (1) there is an error, (2) the error is plain, which means clear and obvious, and (3) the error affects substantial rights. <u>United States v. Olano</u>, 507 U.S. 725, 732-36 (1993). Given the lack of controlling authority on this particular vagueness issue, any error on the part of the district court was not clear or obvious and could not have been plain error. <u>See United States v. Calverley</u>, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), <u>abrogated in part</u>, Johnson v. United States, 520 U.S. 461 (1997); <u>Olano</u>, 507 U.S. at 732-33. Because Parsons's challenge to the constitutionality of 21 U.S.C. § 860 does not satisfy plain-error review, this court need not reach his remaining claims, which are dependent upon a holding by the court that the statute is indeed constitutionally lacking. Accordingly, the district court's judgment is **AFFIRMED**.