# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2014

Lyle W. Cayce
Clerk

No. 12-30518

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LLOYD E. CURRY,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CR-111-1

Before BARKSDALE, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Having pleaded guilty to, *inter alia*, felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), Lloyd E. Curry does not challenge his conviction; he contests only his 336-month sentence, resulting from the district court's classifying him as an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). Primarily at issue are whether a prior conviction for attempted aggravated oral sexual battery constitutes a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30518

"violent felony" under the ACCA and the applicable standard of review. For this appeal, review is only for plain error. AFFIRMED.

**I.**

Pursuant to a May 2010 superseding indictment, Curry was charged with three counts of heroin distribution, in violation of 21 U.S.C. § 841(b)(1)(C), and two counts of felon in possession of a firearm. In February 2011, he entered a plea agreement, pleading guilty to counts 1-3 (heroin distribution) and 5 (felon in possession of a firearm) of his superseding indictment, with count 4's being dismissed.

Curry's plea agreement explained the maximum prison term for counts 1-3 was 20-years' imprisonment for each count, and the maximum term for count 5 was ten-years' imprisonment. Additionally, the agreement included a warning that, given his criminal history and his guilty plea on count 5, Curry could qualify as an "'[Armed] Career Offender' pursuant to 18 [U.S.C. §] 924(e)(1)".

At his rearraignment hearing, the district court re-stated those same maximum penalties for each count to which Curry was pleading guilty. The court twice provided notice that count 5 could result in application of the ACCA, which would subject Curry to a mandatory minimum sentence of 15-years' imprisonment and a maximum sentence of life imprisonment, provided the Government proved three previous convictions for violent felonies or serious drug offenses.

The presentence investigation report (PSR) recommended Curry qualified as both a career offender, pursuant to Guideline § 4B1.1(a), and an armed career criminal under the ACCA, pursuant to Guideline 4B1.4(a). The PSR based this on three prior felony convictions: (1) 10 September 1997, for attempted aggravated oral sexual battery; (2) 14 December 1999, for attempted

2

No. 12-30518

distribution of marijuana; and (3) 20 June 2007, for aggravated flight from a law-enforcement officer. Curry had admitted each of these convictions as part of the factual basis for his guilty plea.

In his written objections to the PSR, Curry objected, *inter alia*, to his classification as an armed career criminal. That objection, however, only stated: "Defendant objects and states that he should not be considered an '[Armed] career criminal' subject to an enhanced sentence". At sentencing, Curry "re-alleged" that written objection, but declined to provide further detail or reasons in support.

Considering Curry's objection to his classification as an armed career criminal, the court noted the Government's evidence regarding the three prior convictions listed in the PSR, admitted in evidence the certified copies of the state-court charging documents for those offenses, and concluded: "Each of these three convictions meets the requirement for a violent felony or serious drug offense". As a result, the court overruled Curry's objection.

Curry's advisory Guidelines-sentencing range for count 5 was 292-365 months, with the statutory range for an armed career criminal being 15 years to life imprisonment. The court sentenced Curry to 240-months' imprisonment for each of counts 1-3, and 336-months' imprisonment for count 5, to be served concurrently.

**II.**

Curry does not challenge the 20-year sentences for counts 1-3. He challenges only the court's application of the ACCA and resulting 336-month sentence on count 5. In that regard, he claims only that the court erred as to classification, as a violent felony, of his prior conviction for attempted aggravated oral sexual battery. Re-stated, he does not dispute that the other two convictions, for aggravated flight and attempted distribution of marijuana,

3

meet the requirements for a violent felony and a serious drug offense, respectively, under the ACCA.

Additionally, Curry contends his sentence is unconstitutional. He maintains: (1) the ACCA's residual clause is void-for-vagueness; and (2) judicial classification of prior convictions for purposes of the ACCA, without submitting that question to the jury, violates the Sixth Amendment.

### A.

Before turning to whether Curry's prior conviction for attempted aggravated oral sexual battery is a violent felony under the ACCA, we must decide the standard of review applicable to Curry's challenge to that classification.

### 1.

Curry contends his broad objections to application of the ACCA were sufficient to preserve his specific challenge on appeal to the classification of that conviction under the ACCA. Thus, he contends review of the district court's legal conclusion regarding that classification is *de novo*. *E.g.*, *United States v. Constante*, 544 F.3d 584, 585 (5th Cir. 2008).

The obvious purpose of timely and specific objections is to allow the district court to examine issues and correct possible errors prior to appeal. *E.g.*, *United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012). *Chavez-Hernandez* provides guidance on the specificity required, for prior-conviction issues such as that presented now, to preserve them for appeal.

There, addressing classification, as a "crime of violence", of a prior conviction for sexual activity with a minor, Chavez objected in district court to the classification, but failed either to provide further factual or legal support or to make a more specific objection at subsequent sentencing hearings. *Id.* at 498. On appeal, Chavez again contended the prior conviction did not qualify

No. 12-30518

as a crime of violence and provided extensive briefing.  *Id.*  Our court applied the plain-error standard of review, however, because he "failed to put the government or the court on notice of his [appellate] arguments in this convoluted area".  *Id.* at 499; *see also United States v. Brown,* 437 F.3d 450, 451 (5th Cir. 2006) (applying plain-error review to application of ACCA where appellant did not object at district court).

As discussed *supra,* in his objection to the PSR, Curry made only a general, written objection "that he should not be considered an '[Armed] career criminal' subject to an enhanced sentence".  For factual support, he reiterated he "should not be assigned career criminal classification".  No further information was provided.

Prior to sentencing, Curry filed an opposition to the Government's sentencing motion.  That opposition included the following:  "The defendant should not be considered an '[Armed] career criminal' subject to an enhanced sentence".  Again, no further legal contention or factual information was provided.

Similarly, at sentencing, Curry re-alleged his prior written objection.  He declined, however, to make any additional factual or legal presentation supporting that objection.

In response to Curry's re-alleged objection, the court reviewed the state-court charging documents and concluded, without detailed analysis:  "Each of these three convictions meets the requirement for a violent felony or serious drug offense . . . .  The defendant is, therefore, considered an armed career criminal under [18 U.S.C. § 924(e)(1)]".  Curry neither objected to that ruling nor responded further to the court's classification of his conviction for attempted aggravated oral sexual battery.

No. 12-30518

Although consistently stated, Curry's broad objection did not alert the district court to his now-focused contention on appeal:  whether his prior conviction for attempted aggravated oral sexual battery qualifies as a violent felony for ACCA purposes.  Additionally, he never offered factual or legal support for why the offense is not a violent felony under the ACCA.

Accordingly, as in *Chavez-Hernandez*, plain-error review applies.  Under that standard, Curry must show:  (1) an error; (2) that was *clear or obvious*; and (3) that affected his substantial rights.  *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009).  And, even if he makes such a showing, this court has discretion to correct the forfeited error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *Id.*

2.

For purposes of the ACCA, an offense qualifies as a "violent felony" if: (1) "physical force against the person of another" is an element; (2) the crime is one of the enumerated offenses (burglary, arson, or extortion); or (3) the crime falls within the ACCA's residual clause because the conduct "presents a serious potential risk of physical injury to another".  *United States v. Schmidt*, 623 F.3d 257, 260-61 (5th Cir. 2010); *see also* 18 U.S.C. § 924(e)(2)(B) (defining "violent felony").

Curry contends that, in determining the classification of a prior conviction as a violent felony under the ACCA, a court must employ a categorical approach.  *E.g.*, *Sykes v. United States*, 131 S. Ct. 2267, 2272 (2011). In other words, courts may "look only to the fact of conviction and the statutory definition of the prior offense" to determine whether an offense categorically qualifies as a violent felony.  *James v. United States*, 550 U.S. 192, 202 (2007) (citations and internal quotation marks omitted); *Schmidt*, 623 F.3d at 261

6

No. 12-30518

("court may only consider the elements of the conviction statute and not the specific conduct of the offender").

When a statute presents disjunctive alternatives for conviction, however, the court may use the "modified categorical method" and consider certain other documents, including the charging documents, to determine which alternative was the basis for conviction. *E.g.*, *United States v. Hughes*, 602 F.3d 669, 674 (5th Cir. 2010) (citing *Johnson v. United States*, 559 U.S. 133, 144 (2010)).

At the time of the offense at issue, Louisiana law defined oral sexual battery as:

> [T]he intentional engaging in any of the following acts with another person, who is not the spouse of the offender, when the offender *either* compels the other person to submit by placing the person in fear of receiving bodily harm, *or* when the other person has not yet attained fifteen years of age and is at least three years younger than the offender . . . the touching of the anus or genitals of the offender by the victim using the mouth or tongue of the victim.

La. R.S. § 14:43.3(A) (1996) (emphasis added).  Oral sexual battery is *aggravated* when, *inter alia*, "the victim is under the age of twelve years".  La. R.S. § 14:43.4(A)(4) (1996).  Further, under Louisiana law, a person is guilty of *attempt* if he has:  "specific intent to commit a crime" and "does . . . an act for the purpose of and tending directly toward the accomplishing of his object".  La. R.S. § 14:27(A) (1996).

Louisiana's oral-sexual-battery statute is divisible.  Accordingly, the district court looked to the charging document to determine which alternative was the basis for conviction.  *See State v. Dugas*, 1994-769 (La. App. 3 Cir. 2/1/95); 649 So. 2d 1193, 1194-95 (stating charging document that fails to identify the way an oral sexual battery was committed is fatally defective).

7

No. 12-30518

Here, the charging document stated Curry "committed aggravated sexual battery upon [DB], by forcing [DB] to place his mouth upon the penis of Lloyd Curry" when the victim was under 12 years of age.  The document is silent as to Curry's age.  Accordingly, it appears that Curry was charged under the compels-by-fear alternative for the oral-sexual-battery statute.  (As demonstrated *infra*, we need not decide this point for purposes of our strict plain-error review.  Re-stated, this point is not outcome determinative.)

In *Begay v. United States*, the Supreme Court clarified the two requirements for an offense to qualify as a violent felony under the ACCA's residual clause.  553 U.S. 137, 141-42 (2008).  First, attempted aggravated oral sexual battery qualifies as a violent felony if "the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another".  *Schmidt*, 623 F.3d at 263 (quoting *James*, 550 U.S. at 208); *Begay*, 553 U.S. at 141 (accepting drunk driving as an "extremely dangerous crime" that presents potential risk of injury to others).  Second, the offense must be "roughly similar, in kind as well as in degree of risk posed, to the" enumerated offenses provided in the ACCA.  *Begay*, 553 U.S. at 143 (citation omitted).

In a prior opinion analyzing whether sexual contact with a minor qualifies as a crime of violence under Guideline § 2L1.2, this court stated: "'[W]hen an older person attempts to sexually touch a child under the age of fourteen, there is always a substantial risk that physical force will be used'". *United States v. Velazquez-Overa*, 100 F.3d 418, 422 (5th Cir. 1996) (quoting *United States v. Reyes-Castro*, 13 F.3d 377, 379 (10th Cir. 1993)).  Our court further noted there is a threat of violence because the offense generally occurs "in close quarters" and the child has very few means "to deter the use of physical force". *Id.*  As a result, our court held the offense was a crime of

8

violence, even though the statute did not require the offender to compel submission through fear of bodily harm, as is required for the instant offense. *Id.* at 422-23.  Additionally, this court analogized sexual contact with a minor to burglary, one of the enumerated offenses listed in the ACCA, because such an offense was a "far greater intrusion" and was likely to "cause alarm and to provoke physical confrontation".  *Id.* at 422.

Although *Velazquez-Overa* addressed a "crime of violence" under the Guidelines, that definition is nearly identical to a "violent felony" under the ACCA.  *See United States v. Najera-Mendoza*, 683 F.3d 627, 631 n.3 (5th Cir. 2012).  As a result, the classification in *Velazquez-Overa* is applicable.  Given our holding and analysis in *Velazquez-Overa*, and pursuant to our limited plain-error review, even assuming *arguendo* the district court erred in classifying Curry's prior conviction as a violent felony, that assumed error could not have been *clear or obvious*.  *See Henderson v. United States*, 133 S. Ct. 1121, 1124 (2013) (explaining "a substantive legal question that was unsettled at the time the trial court acted . . . foreclose[s] the possibility that an error could have been 'plain'" unless it becomes settled by the time of appellate review).  (As discussed, Curry cannot show plain error under the ACCA's residual clause.  Therefore, we need not reach whether, under the first basis for a violent felony under the ACCA, attempted aggravated oral sexual battery includes physical force as a required element of the offense.)

### B.

Curry asserts the ACCA is unconstitutional on two grounds.  He did not present either challenge in district court; thus, each is reviewed only for plain error.  *E.g.*, *United States v. Parsons*, 134 F. App'x 743, 743 (5th Cir. 2005). Each claim fails.

No. 12-30518

1.

Curry contends the ACCA's residual clause is unconstitutionally vague. A penal statute must define an offense "with sufficient definiteness that ordinary people can understand what conduct is prohibited". *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). The Supreme Court has expressly rejected Curry's contention. *See James*, 550 U.S. at 210 n.6 (stating the residual clause "is not so indefinite as to prevent an ordinary person from understanding what conduct it prohibits"); *United States v. Gore*, 636 F.3d 728, 742 (5th Cir. 2011).

2.

For his other constitutional challenge, Curry contends the classification of a prior conviction as a violent felony, as well as the resulting application of the ACCA, requires judge-made factual findings in conflict with his Sixth Amendment rights. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury".). To the contrary, this court has held previously: "[W]hen a court determines whether a conviction qualifies as a violent felony under the ACCA, it engages in statutory interpretation and not in judicial fact finding. Therefore, there is no Sixth Amendment issue under *Apprendi v. New Jersey*". *Schmidt*, 623 F.3d at 260 (citing, *inter alia*, *James*, 550 U.S. at 214).

**III.**

For the foregoing reasons, the judgment is AFFIRMED.