

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-25-1996

# United States v. Taylor

Precedential or Non-Precedential:

Docket 95-3675

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"United States v. Taylor" (1996). *1996 Decisions.* Paper 61.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/61

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 95-3675
_____

UNITED STATES OF AMERICA

v.

KEVIN E. TAYLOR,

Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 89-cr-00009)

_____

Argued
June 12, 1996
BEFORE: SCIRICA and ROTH, Circuit Judges,
and RESTANI, Judge, Court of International Trade

(Filed  October 25, 1996)
_____

Shelley Stark
Federal Public Defender
W. Penn Hackney, I
Karen Sirianni Gerlach (Argued)
Assistant Federal Public Defenders
415 Convention Tower
960 Penn Avenue
Pittsburgh, PA 15222

    COUNSEL FOR APPELLANT

Frederick W. Thieman
United States Attorney
Bonnie R. Schlueter
Bruce J. Teitelbaum (Argued)
Assistant United States Attorneys
633 U.S. Post Office & Courthouse
Pittsburgh, PA 15219

    COUNSEL FOR APPELLEE

_____

OPINION OF THE COURT
_____

RESTANI, Judge.

Defendant Kevin E. Taylor ("Taylor") appeals his sentence from the United States District Court for the Western District of Pennsylvania following the denial of his motion for modification of sentence based on recent amendments to the United States Sentencing Guidelines (the "Sentencing Guidelines" or "USSG"). Taylor challenges his designation as a career offender pursuant to USSG § 4B1.1, claiming that his two prior convictions for statutory rape do not constitute the predicate "crimes of violence" required to apply that guideline.

### BACKGROUND

On April 3, 1989, Taylor entered a plea of guilty to three felony drug counts, specifically, one count of conspiring to distribute 3-methyl-fentanyl, heroin, and cocaine, and two substantive counts of distribution of heroin. At the sentencing hearing held on June 28, 1989, the district court ruled that Taylor was a career offender pursuant to USSG § 4B1.1. The court determined that Taylor's previous conviction for aggravated assault and two separate convictions for statutory rape constituted three prior convictions for "crimes of violence" under section 4B1.1. As a result, Taylor was sentenced to a term of 20 years imprisonment. Taylor appealed and his sentence was affirmed by an order dated March 8, 1990. United States v. Taylor, 899 F.2d 1220 (3d Cir. 1990). On November 30, 1995, the district court denied Taylor's motion for modification of sentence because of Sentencing Guideline changes with regard to prior convictions for "crimes of violence." (App. 311) Taylor does not challenge the determination that his 1984 conviction for aggravated assault is a "crime of violence" under the new law. Taylor does, however, challenge the district court's finding that his two prior convictions for statutory rape in 1975 and 1980 continue to qualify as "crimes of violence."

### JURISDICTION

Taylor appeals from an order of the United States District Court for the Western District of Pennsylvania denying his motion for modification of sentence. The district court had subject matter jurisdiction of the original proceeding against Taylor pursuant to 18 U.S.C. § 3231 and the authority to consider the motion for modification of sentence pursuant to 18 U.S.C. § 3742(a). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

### STANDARD OF REVIEW

We review a district court's factual determinations underlying the application of the sentencing guidelines for clear error. United States v. McMillen, 917 F.2d 773, 774 (3d Cir. 1990). Although we give due deference to the district court's

application of the sentencing guidelines to those facts, id.(citing 18 U.S.C. § 3742(e)), we exercise plenary review over legal questions concerning the proper interpretation of the Sentencing Guidelines.  United States v. Holifield, 53 F.3d 11, 12-13 (3d Cir. 1995).

## DISCUSSION

The Sentencing Guidelines provide that a defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense is a felony that is either a "crime of violence" or a controlled substance offense, and (3) the defendant has at least two prior felony convictions for either "crimes of violence" or controlled substance offenses.  See United States Sentencing Commission, Guidelines Manual, § 4B1.1 (Nov. 1995) [hereinafter "USSG"]. Taylor does not dispute the district court's finding that the first two subsections of § 4B1.1 are satisfied.  He does, however, argue that neither of his prior convictions for statutory rape qualify as "crimes of violence" under section 4B1.1.  In order to satisfy the two prior "crimes of violence" requirement, one of these convictions must qualify, along with the admittedly qualifying aggravated assault felony conviction.

In concluding that Taylor's prior convictions for statutory rape were "crimes of violence," the sentencing court originally looked to the underlying conduct which gave rise to the offense. This analysis was later affirmed as the law in this circuit in United States v. John, 936 F.2d 764, 767 (3d Cir. 1991).  On November 1, 1991 and November 1, 1992, however, Application Note 2 to USSG § 4B1.2 was modified by Amendments 433 and 461, respectively.  USSG App. C at 311-12, 342-43.  Application Note 2 now provides in relevant part:

> "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.  Other offenses are included where (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.  Under this section, the conduct of which the defendant was convicted is the focus of the inquiry.

USSG § 4B1.2, comment. (n.2) (emphasis added to indicate additions made by Amendments 433 and 461).

The retroactivity of the amendments is specifically addressed in USSG § 1B1.10, which provides:

> (a)  Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed

in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). . . . .

* * *

(c)  Amendments covered by this policy statement are listed in Appendix C as follows:  . . . 433, . . . 461 . . . . .

USSG § 1B1.10.  The retroactivity of Amendments 433 and 461 was recognized by the district court in its denial of Taylor's motion for modification of sentence. (App. 312)

Prior to the amendments to Application Note 2, this court stated that:

the Sentencing Commission essentially envisioned three independent ways by which a prior conviction will be considered a "crime of violence":  (1) the prior conviction is for a crime that is among those specifically enumerated (murder, manslaughter, kidnapping, etc.); (2) the prior conviction is for a crime that, although not specifically enumerated, has as an element of the offense the use, attempted use, or threatened use of physical force; or (3) the prior conviction is for a crime that, although neither specifically enumerated nor involving physical force as an element of the offense, involves conduct posing a serious potential risk of physical injury to another.

United States v. John, 936 F.2d at 767 (emphasis in original). While recognizing that it is "impermissible" and "pointless" for the court to look to the defendant's actual criminal conduct under the first two prongs, the court found that, "the third prong quite clearly permits the court to examine the defendant's actual conduct to ascertain whether that conduct posed a sufficient potential risk of physical injury to another to elevate the crime to a 'crime of violence.'"  Id. at 767–68.

Following the amendments to Application Note 2, this court reconsidered its prior holding in John.  United States v. Joshua, 976 F.2d 844, 852 (3d Cir. 1992).  The Joshua court noted that its prior holding in John entitled the sentencing court to look beyond the facts charged in the indictment to the defendant's underlying conduct, including all relevant conduct under USSG § 1B1.3, in determining whether the defendant's predicate offense involved a serious potential risk of injury to another under the third prong of the analysis.  Id.  The court acknowledged, however, that the recent amendment to Application Note 2 restricted the sentencing court's power to look beyond the conduct expressly charged in the indictment.  Id.  Given the conflict between the court's holding in John and the amended commentary, the Joshua court decided that "a panel may consider new commentary text where another panel of this court has already resolved the ambiguity and that a second panel is entitled to defer to the new commentary even when it mandates a result

different from that of the prior panel." Id. at 856; accordStinson v. United States, 508 U.S. 36, 46 (1993) (stating, "[a]mended commentary is binding on the federal courts even though it is not reviewed by Congress, and prior judicial constructions of a particular guideline cannot prevent the Commission from adopting a conflicting interpretation that satisfies the standard we set forth today"). The court then concluded that, "a sentencing court should look solely to the conduct alleged in the count of the indictment charging the offense of conviction in order to determine whether that offense is a crime of violence under subsection (ii) of the guideline." Joshua, 976 F.2d at 856. This law guides us today, as it did the district court's consideration of the motion for sentence modification.

Taylor's first statutory rape conviction occurred in 1975. The indictment for this offense charges six counts, in which crimes were not specifically named. The guilty plea form, however, summarizes the indictment as follows: 1st Count: Attempt Rape (Sec. 901–3121); 2nd Count: Involuntary Sexual Deviate Intercourse (Sec. 3123); 3rd Count: Indecent Assault (Sec. 3126); 4th Count: Recklessly Endangering Another Person (Sec. 2705); 5th Count: Simple Assault (Sec. 2701–a–1); and 6th Count: Terroristic Threats (Sec. 2706). (App. 118–19) Despite the absence of a statutory rape charge in the indictment, the guilty plea form stated that on July 14, 1975, the defendant, "pleads guilty to the charge of Statutory Rape (Section 3122) a Felony of the 2nd degree proffered in the within indictment at count (2) only and consents to the pronouncement of sentence forthwith." (App. 119)

The first count of the indictment alleges that Taylor "unlawfully and feloniously did engage in deviate sexual intercourse by or with the anus of [the victim], a minor under the age of 16 years, to–wit: of the age of 12 years and upwards . . . ." (App. 118) The second count of the indictment alleges that Taylor:

> unlawfully and feloniously did attempt to engage in sexual intercourse with [the victim], not his spouse, she, [the victim], being under the age of 16 years, to wit: of the age of 12 years and upwards, and in furtherance of said attempt did do and commit certain acts constituting a substantial step toward the commission of said offense, to wit: . . . TAYLOR did grab [the victim] off the street onto the ballfield . . . threw her on the ground, got on top of [the victim], and attempted to have sexual intercourse with her, . . . . ."

(App. 118) Both parties, however, agree that on the guilty plea form where the counts of the indictment are listed, the captions for Count 1 and Count 2 are reversed. There, Count 1 should be listed as Involuntary Sexual Deviate Intercourse and Count 2 should be listed as Attempt Rape. See Appellant's Br. at 18 n.8; Appellee's Br. at 10. Because of the confusion, the government requests that we consider the crime of statutory rape as violent,

per se, without regard to the language of the indictment. Appellee's Br. at 11.

Taylor's second "statutory rape" conviction occurred in 1980. Taylor was charged by means of an information, which alleged four counts. (App. 120-24) Count 1 of the information charged Taylor with statutory rape; Count 2 charged Taylor with involuntary deviate sexual intercourse; and Counts 3 and 4 charged Taylor with indecent exposure and corruption of minors, respectively. Count 3 specifically alleged that:

> [t]he actor for the purpose of arousing or gratifying the sexual desire of himself or another person exposed his genitals under circumstances in which he knew his conduct was likely to cause affront or alarm, namely, forced [the victim] onto her bed and while holding her down opened his trousers and pulled out his penis . . . .

(App. 124) Taylor was tried on these charges and subsequently convicted on July 15, 1980 as to Counts 1, 3, and 4 with a demurrer being sustained as to Count 2. (App. 121)

Upon consideration of Taylor's motion to modify the sentence, the district court again found that the 1975 statutory rape conviction constituted a "crime of violence." (App. 316) At the outset, the court noted that under Pennsylvania law, the crime of statutory rape does not contain an element of force. (App. 314 & n.2) The court went on to state that USSG § 4B1.2 "instructs the courts to examine not only the elements of the crime, but also whether the conduct of the defendant as set forth in the counts at which he was convicted 'presented a serious potential risk of physical injury to another.'" (App. 314) The court then considered the language of the indictment, which the government now abandons, and stated that, "Count two of the indictment, the statutory rape count for which defendant was convicted, specifically alleged that defendant 'did grab the [victim] off the street onto the ballfield . . . threw her on the ground, got on top of [her], and attempted to have sexual intercourse with her . . . ." (App. 315) The district court concluded that such action unquestionably presented a potential risk of serious injury to a child of less than 14 years of age. (App. 316)

As to the 1980 conviction, the district court noted that count one "expressly alleges that the defendant engaged in sexual intercourse with the victim, who was less than 14 years of age" and, "[c]ount three, indecent exposure, alleges that defendant 'forced' the victim onto a bed and, 'while holding her down,' exposed himself in a manner which would knowingly affront and alarm the victim." (App. 315)

While this circuit has not ruled on the question of whether statutory rape constitutes a "crime of violence" for purposes of the sentencing guidelines, the district court noted that the Court of Appeals for the Eighth Circuit has held that the crime of sexual intercourse with a child under 16 years of age constitutes a "crime of violence" under the career offender statute. (App. 315) United States v. Bauer, 990 F.2d 373, 375

(8th Cir. 1993) (per curiam).  Additionally, the district court noted several other cases cited by the government in which other courts have held that crimes involving an adult having sexual contact with a minor constitute "crimes of violence."  (App. 316) See United States v. Wood, 52 F.3d 272 (9th Cir.) (finding indecent liberties a "crime of violence"), cert. denied, 116 S.Ct. 217 (1995); United States v. Reyes-Castro, 13 F.3d 377 (10th Cir. 1993) (finding sexual abuse a "crime of violence" under 18 U.S.C. § 16(b)); United States v. Rodriguez, 979 F.2d 138 (8th Cir. 1992) (finding lascivious acts with children a "crime of violence" under 18 U.S.C. § 16(b)).

In the present case, because the district court held that "the criminal counts for which defendant was convicted specifically allege conduct which created a potential risk of physical harm to the respective victims," it did not need to resolve whether statutory rape is, in all cases, a "crime of violence."  (App. 316)  The court stated that in its judgment:

> there is unquestionably a potential risk of serious injury to a child of less than 14 years of age where an adult grabs the victim off the street, throws her to the ground and attempts to engage in sexual intercourse [referring to the 1975 indictment].  Likewise, the potential for injury to a child who is forced onto a bed and restrained while the adult commits a sexual act upon her is no less manifest [referring to the 1980 information].  (App. 316)

The government continues to rely on both the 1975 and 1980 convictions, arguing that the crime of statutory rape, by its nature, qualifies as a "crime of violence."  Like the district court, however, we need not make this determination, as Taylor's sentence may be affirmed based on the 1980 information and conviction for indecent exposure.

Taylor claims that the district court's determination may not be sustained based on the facts alleged in the indecent exposure count for two reasons.  First, in finding Taylor to be a career offender, the district court cited three prior crimes of violence:  the 1975 statutory rape, the 1980 statutory rape, and the aggravated assault.  Taylor contends that because the district court did not rely upon the indecent exposure conviction as one of the predicate offenses at sentencing, it cannot be used now.  Second, Taylor argues that once the statutory rape conviction was chosen as a predicate offense, it is the charging language with regard to that count and that count only which may be examined to determine if that crime was a "crime of violence" and language with regard to any other count in the information is irrelevant.

We find, however, that the district court, although making an introductory reference to the 1980 conviction as "the second statutory rape," clearly acknowledged that it was considering the three separate counts of conviction.  In finding that Taylor was properly designated as a career offender, the district court stated that, "the criminal counts for which defendant was convicted specifically allege conduct which created a potential

risk of physical harm to the respective victims . . . ."  (App. 316)  The district court then referenced the facts alleged relating to Taylor's 1975 statutory rape conviction and 1980 indecent exposure conviction (quoted supra at p. 13 (App. 316)). We do not find it significant that the district court repeatedly referred to Taylor's 1980 statutory rape conviction, rather than his indecent exposure conviction, as the three counts of conviction were merged for purposes of assessing criminal history points in the presentence report pursuant to USSG § 4A1.1(a). Moreover, even if the district court did not consider Taylor's statutory rape and indecent exposure convictions separately, appellee may assert any ground in support of the judgment below, whether or not that ground was relied upon or even considered by the district court.  Colautti v. Franklin, 439 U.S. 379, 397 n.16 (1979).  As the facts alleged in the indecent exposure count unquestionably present a potential for serious injury to the victim, we find that the district court properly determined that this conviction constituted a prior felony conviction for a "crime of violence."  Accordingly, given the indecent exposure conviction and Taylor's prior conviction for aggravated assault, we hold that Taylor's designation as a career offender pursuant to USSG § 4B1.1 and his corresponding sentence was correct.

The opinion of the district court is affirmed.