**UNITED STATES of America Plaintiff,**

v.

**David CADIEUX, Defendant.**

**No. CRIM.03–41–B–W.**

United States District Court,
D. Maine.

Jan. 7, 2004.

---

David W. Bate, Bangor, ME, for David Cadieux (1), Defendants.

Gail Fisk Malone, U.S. Attorney's Office, Bangor, ME, for USA, Plaintiff.

### *ORDER DENYING DEFENDANT'S MOTION FOR SUPPRESSION HEARING BEFORE DISTRICT COURT JUDGE*

WOODCOCK, District Judge.

### I. Introduction

On November 5, 2003, the Defendant, David Cadieux moved to suppress certain evidence in this matter. On November 25, 2003, pursuant to 28 U.S.C. § 636(b)(1)(B), this Court referred the Motion to Suppress to United States Magistrate Judge Margaret Kravchuk to conduct hearings and submit proposed findings of fact and recom-mendations for disposition. On December 18, 2003, the Defendant moved to withdraw the designation of the Magistrate Judge. The Defendant argues that because of the centrality of the credibility issues in the Motion to Suppress, a *de novo* appeal of Magistrate Judge Kravchuk's decision is likely, whatever she recommends. The Defendant contends that the *de novo* appeal will present issues of witness credibility and this Court will be required to hold a new evidentiary hearing to rule adequately on an objection to the Magistrate Judge's recommendation. Therefore, the Defendant urges this Court to hear and determine the Motion to Suppress to avoid a later rehearing on the same issue. For the reasons stated below, the Defendant's Motion for a Hearing before this Court is DENIED.

### II. Discussion

A district judge may designate a magistrate judge to conduct hearings and submit proposed findings of fact and recommendations on motions to suppress evidence. 28 U.S.C. § 636(b)(1)(B). The district judge must make a "*de novo* determination of those portions of the report ... to which an objection is made." *Id.* In this case, the Defendant does not challenge this Court's authority to refer the Motion to Suppress to Magistrate Judge Kravchuk. Instead, he claims "two hearings identical in procedure would be an inefficient use of judicial resources" and, because the Motion to Suppress is likely to be dispositive, his "liberty interest is best protected by avoiding an apparently unnecessary hearing...." (*See* Def.'s Mot. Hearing Before Dist. Ct. at 2 (Docket # 20)).

The Defendant is incorrect in asserting "a complete repeat of the initial suppression hearing ... is very likely." (*See* Def.'s Mot. Hearing Before Dist. Ct. at 2 (Docket # 20)). In *United States v. Raddatz,* the Supreme Court made it clear that under § 636(b)(1), a district court is not

required to rehear testimony on which a magistrate judge bases her findings and recommendations in order to make an independent evaluation of credibility: "the statute calls for a *de novo* determination, not a *de novo* hearing." 447 U.S. 667, 674, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). The Court, quoting a House Judiciary Committee Report, also noted the legislative history of § 636(b)(1) explicitly states what Congress intended by the term "determination":

> The use of the words 'de novo determination' *is not intended to require the judge to actually conduct a new hearing* on contested issues. Normally, the judge, on application, will consider the record which has been developed before the magistrate and make his own determination on the basis of that record, without being bound to adopt the findings and conclusions of the magistrate. In some specific instances, however, it may be necessary for the judge to modify or reject the findings of the magistrate, to take additional evidence, recall witnesses, or recommit the matter to the magistrate for further proceedings.

447 U.S. at 675, 100 S.Ct. 2406 (quoting H.R.Rep. No. 94–1609, p. 2 (1976), U.S.Code Cong. & Admin.News 1976, pp. 6162, 6163 (emphasis in opinion)). To construe § 636(b)(1) to require the district court to conduct a second evidentiary hearing whenever either party objects to the magistrate judge's credibility finding would frustrate the plain objective of Congress to alleviate the increasing congestion in district courts.[1] *Id.* at 676 n. 3, 100 S.Ct. 2406.

In this Court's view, it is not in the interests of judicial efficiency to grant the Defendant's Motion for a Hearing before the District Court. As *Raddatz* made clear, although this Court retains the statutory discretion to call and hear testimony in an adversary proceeding, it also retains the right to review an objection to the Magistrate Judge's recommendation without holding a new evidentiary hearing. Following Magistrate Judge Kravchuk's recommendation, the parties may conclude that her ruling is entirely correct, partially correct, or entirely incorrect. In any event, judicial efficiency is best served when the magistrate judge performs the role Congress contemplated. Justice Stevens spoke for this Court in *Peretz v. United States,* when he wrote "Congress intended magistrate judges to play an integral and important role in the federal judicial system," a role that is "nothing less than indispensable." 501 U.S. 923, 927, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991).

### III. Conclusion

Accordingly, the Defendant's Motion for a Hearing before the District Court is DENIED.

SO ORDERED.

---

1. To the extent the Defendant's reference to his "liberty interest" refers to a due process claim, *Raddatz* explained that a defendant's due process rights are adequately protected by § 636(b)(1):

> While the district court judge alone acts as the ultimate decision maker, the statute grants the judge the broad discretion to accept, reject, or modify the magistrate's proposed findings. That broad discretion includes hearing the witnesses live to resolve conflicting credibility claims.... [W]e conclude that the statutory scheme includes sufficient procedures to alert the district court whether to exercise its discretion to conduct a hearing and view the witnesses itself.

447 U.S. at 681, 100 S.Ct. 2406; *Witte v. Justices of New Hampshire Super. Ct.,* 831 F.2d 362, 364 (1st Cir.1987) (citing *Raddatz* for same proposition).