**UNITED STATES of America Plaintiff,**

**v.**

**David CADIEUX, Defendant.**

**No. CRIM.03–41–B–W.**

United States District Court,
D. Maine.

June 7, 2004.

David W. Bate, Law Office David W. Bate, Bangor, ME, for David Cadieux (1), Defendants.

Gail Fisk Malone, Office of the U.S. Attorney, District of Maine, Bangor, ME, for USA, Plaintiff.

## ORDER AFFIRMING RECOMMENDED DECISION

WOODCOCK, District Judge.

On February 3, 2004, the United States Magistrate Judge issued a Recommended Decision that this Court deny the Defendant's Motion to Suppress (1) two firearms seized underneath a barn at the residence of Theresa Nye in Temple, Maine; and, (2) statements he made to police after his arrest (Docket # 48). On March 8, 2004, the Defendant filed an Objection to the Recommended Decision, arguing the weapons should be suppressed because Ms. Nye never gave the police actual or implied consent to search the barn.[1] (Docket # 51).

In his Objection, the Defendant argues the Government failed to prove Ms. Nye, the owner of the barn, impliedly consented to its search.[2] The Defendant raises a series of grounds in the Objection. First, without citation to authority, he claims because Theresa Nye's adult daughter, not

---

**1.** In his Objection, the Defendant sought review of a single issue: the propriety of the search of the barn. Magistrate Judge Kravchuk ruled both on the search of the barn and the statements Mr. Cadieux made while incustody. The Defendant has waived any objection to the Magistrate Judge's ruling on the in custody statements. 28 U.S.C. § 636(b)(1). On the custodial statement issue, the Magistrate Judge's Recommended Decision dated February 3, 2004 is affirmed without objection.

**2.** This opinion addresses only the legal issues the Defendant raised in his Objection. In her Recommended Decision, Magistrate Judge Kravchuk resolved certain credibility issues

against the Defendant. This Court accepts her evaluations of witness credibility and need not conduct its own evidentiary hearing. *United States v. Raddatz,* 447 U.S. 667, 674, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980) (distinguishing between *de novo* determination and *de novo* hearing); *United States v. Doe,* 786 F.Supp. 1073, 1078 (stating district judge is not required to conduct new suppression hearing to judge credibility of witness and weight of evidence); *United States v. Cadieux,* 295 F.Supp.2d 133 (D.Me.2004) (holding district court need not rehear testimony on which magistrate judge based her finding and recommendations in order to make independent evaluation of credibility).

Ms. Nye herself, made the initial 9–1–1 call, Ms. Nye's later conduct could not constitute implied consent. (*Def.'s Obj.* at 3 (Docket # 51)). This argument is simply nonsensical and requires no further response.

■ Next, the Defendant claims Ms. Nye's consent cannot be implied, because she was confronted with a "show of force." (*See Def.'s Obj.* at 3 (Docket # 51)). This argument fails on two grounds. First, the Defendant did not make this argument before the Magistrate Judge and, therefore, cannot raise it here. *Fireman's Ins. Co. v. Todesca Equip. Co., Inc.*, 310 F.3d 32, 38 (1st Cir.2002); *see Borden v. Sec'y of Health and Human Serv.*, 836 F.2d 4, 6 (1st Cir.1987) ("Parties must take before the magistrate, 'not only their "best shot," but all of their shots'") (quoting *Singh v. Superintending Sch. Comm.*, 593 F.Supp. 1315, 1318 (D.Me.1984)). Second, although Defendant argues the presence of three deputies and the Maine State Tactical Team constituted such a show of force, leading to Ms. Nye's implied consent to the search of the barn, the Defendant is mistaken as to the facts. Responding to the 9–1–1 call, Deputy David Rackliffe arrived at the Nye residence alone. Ms. Nye accompanied him to the barn and searched the barn for the firearms with him. Thus, when Ms. Nye gave her initial implied consent, only one officer was present. Defendant himself wrote: "Courts are more likely to find implied consent when a single officer confronts a resident of the property to be searched." (*See Def.'s Obj.* at 5 (Docket # 51)) (quoting *Gerald M. v. Conneely*, 858 F.2d 378, 384–85 (7th Cir.1988)). Moreover, there is not a scintilla of evidence in this record that Ms. Nye felt coerced by the law enforcement "show of force" either to give or maintain her consent.

■ Acknowledging Ms. Nye had voluntarily accompanied the police to the barn, the Defendant argues Ms. Nye's implied consent terminated when Mr. Cadieux was arrested and "any exigency related to safety was eliminated." (*See Def.'s Obj.* at 4 (Docket # 51)). Although consent to search, once given, may be withdrawn, *United States v. Jachimko*, 19 F.3d 296, 299 (7th Cir.1994); *United States v. Ho*, 94 F.3d 932, 934 (5th Cir.1996), the law generally requires that the withdrawal of consent amount to an "unequivocal act or statement of withdrawal," *United States v. Ross*, 263 F.3d 844, 846 (8th Cir.2001); *United States v. Alfaro*, 935 F.2d 64, 65 (5th Cir.1991). There is simply no evidence at all Ms. Nye ever withdrew her consent. Contrary to Defendant's argument, the law enforcement officers were not required by law to stop the search once Mr. Cadieux was under arrest. *United States v. Mitchell*, 82 F.3d 146, 151 (7th Cir.1996) ("[T]he fact that Mr. Mitchell was placed under arrest sometime after the first consent does not work as an automatic withdrawal of the consent previously given"). Further, in this case, the person arrested was not the person consenting to the search. The Defendant's argument that his arrest should have an immediate impact on the voluntariness of the consent of the barn owner is a *non sequitur.* In sum, the Magistrate Judge's finding that Ms. Nye "did not ... express any displeasure with the officer's activities outside her residence," *Rec. Dec.* at 3 (Docket # 48), is fully supported by the record.

This Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; this Court has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and, this Court concurs with the recommendations of the Magistrate Judge for

the reasons set forth in her Recommended Decision and as further set forth herein. Therefore, the Recommended Decision of the Magistrate Judge is AFFIRMED and the Defendant's Motion to Suppress is DENIED.

SO ORDERED.