UNITED STATES of America,

v.

David CADIEUX, Defendant.

No. CR–03–41–B–W.

United States District Court,
D. Maine.

Dec. 22, 2004.

David W. Bate, Law Office of David W. Bate, Bangor, ME, for David Cadieux, Defendant.

Gail Fisk Malone, Office of the U.S. Attorney, District of Maine, Bangor, ME, for USA, Plaintiff.

## PRESENTENCE ORDER

WOODCOCK, District Judge.

This Court concludes Defendant's two prior convictions under Massachusetts law for Indecent Assault and Battery on a Minor Under Fourteen qualify as "violent felonies" within the meaning of the Armed Career Criminal provision, 18 U.S.C. § 924(e)(2)(B).

## I. INTRODUCTION

On July 9, 2003, David Cadieux was charged by Superseding Indictment with possession of a firearm by a felon, a violation of 18 U.S.C. § 922(g)(1).[1] Pursuant to a written Plea Agreement, on July 19, 2004, Mr. Cadieux entered a Rule 11(c)(1)(C) guilty plea to the charge. Fed. R.Crim.P. 11(c)(1)(C). The Plea Agreement contained the following stipulations the parties agreed were binding on the Court:

    a. Defendant's sentence will be determined by applying U.S.S.G. § 2K2.1;

    b. The base offense level applicable to Defendant is 14, pursuant to U.S.S.G. § 2K2.1(a)(6)[2]; and,

    c. Defendant's criminal history category is II.

It provided further:

    If the Court determines that either the base offense level or the criminal history category is higher than as agreed by the parties, or departs upward from the sentencing guideline range that would otherwise apply to Base Offense Level 14 at Criminal History Category II, the Defendant may withdraw his guilty plea.

After entry of the plea, the Probation Office prepared a Presentence Investigation Report. The Report made recommendations inconsistent with the parties' stipulations. First, the Probation Office found Mr. Cadieux had one felony conviction for a crime of violence under U.S.S.G. § 2K2.1(a)(4) and calculated the base offense level to be 20. Second, it calculated his criminal history category as III. Third, it concluded Mr. Cadieux had committed three prior violent felonies[3] and, therefore, applied the Armed Career Criminal provisions of U.S.S.G. § 4B1.4, which increased his offense level to 33 and his criminal history category to IV.

The marked disparity between the Plea Agreement and the Presentence Investigation Report is due solely to Mr. Cadieux's criminal history.[4] For purposes of this

---

1. Mr. Cadieux's case has been the subject of prior opinions of this Court. *United States v. Cadieux*, 324 F.Supp.2d 168 (D.Me.2004)(affirming Recommended Decision on Motion to Suppress); *United States v. Cadieux*, 2004 WL 234667 (D.Me.)(Recommended Decision on Motion to Suppress); *United States v. Cadieux*, 295 F.Supp.2d 133 (D.Me.2004)(Denying Motion for Evidentiary Hearing before District Judge instead of before Magistrate Judge).

2. The Agreement actually references § 2K2.1(a)(4), but the Court assumes this was a holdover from a previous version of the Plea Agreement, which had referenced subsection (a)(4).

3. Although it would seem the Report's conclusion of three violent felonies contradicts its

conclusion of only one felony conviction, the difference is explained by the § 2K2.1's incorporation of the Career Offender definition of "crime of violence," which, under § 4A1.2(e)(1), limits countable convictions to those within fifteen years of the date the prior sentence was imposed. *See* n. 5 below. The ACCA's calculation of violent felonies is not time limited and, therefore, captures the 1980 and 1983 convictions.

4. The extent of this disparity is brought home by comparing what Mr. Cadieux could receive for a sentence under the Plea Agreement with what he could receive under the Presentence Investigation Report. Under the Plea Agreement, with a criminal history category II, a base offense level of 14, a two level reduction for acceptance under § 3E1.1(a), Mr. Ca-

Order, Mr. Cadieux's criminal history began on November 13, 1980, when he was 20 years old. He was convicted in the Commonwealth of Massachusetts District Court of Breaking and Entering in the Nighttime with Intent to Commit a Felony Larceny. Without doubt, this conviction counts as a predicate offense under 18 U.S.C. § 924(e)(1). 18 U.S.C. § 924(e)(2)(B)(ii)("the term, 'violent felony' means any crime ...that is burglary ....").[5] Mr. Cadieux's criminal history continues with two additional convictions: 1) an April 20, 1983 conviction for Indecent Assault, of a Child Under the Age of Fourteen (three counts) in Massachusetts District Court; and, 2) a November 29, 1989 conviction for Indecent Assault of a Child Under the Age of Fourteen in Massachusetts Superior Court. Mr. Cadieux contends these two later crimes should not be counted as "violent felonies" under 18 U.S.C. § 924(e)(1).

On December 17, 2004, Mr. Cadieux's case was scheduled for sentencing. Having received the Presentence Investigation Report, the parties requested that the Court rule whether his prior convictions would constitute predicate offenses for purposes of the Armed Career Criminal Act (ACCA). The Court ruled from the bench that Mr. Cadieux's three prior convictions were violent felonies within the meaning of the ACCA. This Court indicated it would issue a formal opinion on the issue. Following this ruling, Mr. Cadieux was allowed to withdraw his guilty plea to the pending charge and he did so.

## II. DISCUSSION

### A. Violent Felony Under the Armed Career Criminal Act.

Under the ACCA, a person who violates 18 U.S.C. § 922(g) and has three previous convictions for a violent felony must be imprisoned not less than fifteen years. 18 U.S.C. § 924(e)(1).[6] The term "violent felony" is defined in 18 U.S.C. § 924(e)(2)(B):

Any crime punishable by imprisonment for a term exceeding one year ... that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or,

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another....

"Violent felony" is analogous to "crime of violence" under the Career Offender provisions of § 4B1.1. For purposes of analysis, the First Circuit has determined that there are "no material differences" be-

---

dieux's total offense level would be 12 and his applicable Guideline range would be 12 to 18 months. Under the Presentence Investigation Report, with a criminal history category of IV, a three level reduction for acceptance under § 3E1.1(a) & (b), and a total (net) offense level of 30, the Guideline range would be 135 to 168 months. However, as an armed career criminal, he would be subject to the statutory minimum under 18 U.S.C. § 924(e)(1), which is 180 months.

**5.** This conviction does not count for Career Offender Status under U.S.S.G. § 4B1.1. Application Note 3 of § 4B1.2 states "the provisions of § 4A1.2...are applicable to the counting of convictions under § 4B1.1." In turn, § 4A1.2(e)(1) limits countable prior con-

victions to those "imposed within fifteen years of the defendant's commencement of the instant offense....." Since the sentence for the burglary was imposed more than fifteen years ago, the conviction is not counted for Career Offender Status calculations. There is, however, no such time limitation for predicate offenses for Armed Career Criminal determinations.

**6.** Similarly, the Sentencing Guidelines provide "a defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal" for purposes of determining the base offense level. U.S.S.G. § 4B1.4.

**278**

tween definitions of "violent felony" under the ACCA and "crime of violence" under the Sentencing Guidelines.[7] *United States v. Sacko*, 178 F.3d 1, 3 n. 1 (1st Cir.1999); *United States v. Meader*, 118 F.3d 876, 883 n. 8 (1st Cir.1997), *cert. denied*, 522 U.S. 1064, 118 S.Ct. 729, 139 L.Ed.2d 667 (1998); *United States v. Winter*, 22 F.3d 15, 18 n. 3 (1st Cir.1994); *United States v. Bell*, 966 F.2d 703, 704 (1st Cir.1992). This Court looks to case law defining both "violent felony" and "crime of violence" to determine whether the offense of indecent assault and battery on a child under the age of fourteen is a violent felony for purposes of 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4.

In *Taylor v. United States*, the United States Supreme Court mandated a "categorical approach" under the ACCA, holding that the statute "generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense." *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). To determine whether a crime fits the "crime of violence" definition, the Court is to proceed "without regard to the particular facts" underlying it. *Meader*, 118 F.3d at 882. However, if a statute could encompass both violent and nonviolent crimes, a trial court may "go beyond the fact of conviction ... [and] examine the indictment or information and jury instructions in order to discern which type of crime the offender was convicted of perpetrating." *United States v. Sherwood*, 156 F.3d 219, 221 (1st Cir.1998) (citation omitted). The First Circuit has held that crimes of violence are those "which calls to mind a tradition of crimes that involve the possibility of more closely related, active violence." *United States v. Doe*, 960 F.2d 221, 225 (1st Cir.1992). In that vein, to decide whether a statutory crime constitutes a "crime of violence," the Court may examine "the typical run of conduct" for the offense. *Sherwood*, 156 F.3d at 221.

7. Determining whether indecent assault and battery on a child is a predicate crime for the ACCA should be easier than it is. Part of the confusion rests with differing statutory definitions of the similar terms. *Compare* 18 U.S.C. § 16, "crime of violence"—"substantial risk that *physical force*" will be used; *with* "violent felony"—"serious potential risk of *physical injury*." 18 U.S.C. § 924(e)(2)(B)(ii). Another problem is differing Commission definitions of the same term. *Compare* U.S.S.C. § 2L1.2, Application Note (1)(B)(iii), "Crime of violence means any of the following: murder, manslaughter, kidnapping aggravated assault, forcible sex offenses, *statutory rape, sexual abuse of a minor* ....; *with* U.S.S.C. § 4B1.2(a)(2), Application Note (1), " 'Crime of violence' means any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sexual offenses, statutory rape, sexual abuse of a minor, robbery, arson ..." Although the First Circuit has "repeatedly held" there are "no material differences" between definitions of a "violent felony" under the ACCA, and a "crime of violence" under the Sentencing Guidelines, *United States v. Sacko*, 178 F.3d 1,

3 n. 1 (1st Cir.1999), the Commission states: "It is to be noted that the definitions of 'violent felony' and 'serious drug offense' in 18 U.S.C. § 924(e)(2) are not identical to the definitions of 'crime of violence' and 'controlled substance offense' used in § 4B1.1 (Career Offender)...." U.S.S.G. § 4B1.4, Application Note 1. The First Circuit has called upon Congress and the Sentencing Commission for guidance, *Sacko*, 178 F.3d at 6. Noting that the courts "have neither the expertise nor the authority to resolve" some of the policy issues generated by these distinctions, the First Circuit in 1997 expressed the hope this area would be clarified "expeditiously by the Sentencing Commission and Congress." *United States v. Meader*, 118 F.3d 876, 885 (1st Cir.1997), *cert. denied*, 522 U.S. 1064, 118 S.Ct. 729, 139 L.Ed.2d 667 (1998). Absent a response, the courts are left with making significant sentencing decisions based on the subtlest of variations in language. With this said, in this case, the resolution of whether indecent assault and battery of a child under Mass. Gen. Laws ch. 265, § 13B is a predicate conviction for ACC status becomes in the final analysis quite clear.

## B. Cadieux's Argument.

Cadieux argues an indecent assault and battery on a child under fourteen does not qualify as a violent felony within the meaning of § 924(e)(2)(B) for two reasons: (1) the "use, attempted use, or threatened use of physical force" is not an element of indecent assault because the crime may be committed with the victim's actual consent; and, (2) indecent assault does not "present a serious potential risk of physical injury to another" in the "typical run of conduct" for such a crime. The Court disagrees with both points.

### 1. The 1983 Conviction: Absence of Consent.

■ The statute under which Mr. Cadieux was convicted in 1983 read:

Whoever commits an indecent assault and battery on a child under the age of fourteen shall be punished by imprisonment in the state prison for not more than ten years, or by imprisonment in a jail or house of correction for not more than two and one-half years . . .

Mass. Gen. Laws ch. 265, § 13B (1983). In 1983, § 13B had not yet been amended to provide that a child under the age of fourteen cannot consent to an indecent assault and battery. Thus, when Mr. Cadieux pleaded guilty to this crime in 1983, an absence of his victims' consent was an element of the crime. *Commonwealth v. Green*, 399 Mass. 565, 505 N.E.2d 886, 886 (1987) (As of June, 1984, lack of consent "was an element of the crime which the

Commonwealth was required to prove in a prosecution for a violation of G.L., Ch. 265, § 13B."); *Commonwealth v. Burke*, 390 Mass. 480, 457 N.E.2d 622, 627 (1983); *Commonwealth v. Rowe*, 18 Mass.App.Ct. 926, 465 N.E.2d 1220, 1221 (1984).

As of 1983, therefore, a violation of § 13B, Indecent Assault and Battery on Child Under Fourteen, had the same element of non-consent as a violation of § 13H, Indecent Assault and Battery on Person Over Fourteen. Mass. Gen. Laws Ch. 265, § 13H.[8] *Maghsoudi v. INS*, 181 F.3d 8, 14–15 (1st Cir.1999) (lack of consent is an element of indecent assault on a person fourteen or older under § 13H). A violation of § 13H has been held to be a conviction of a "crime of violence." *Sutherland v. Reno*, 228 F.3d 171, 175–77 (2d Cir.2000); *United States v. Lepore*, 304 F.Supp.2d 183, 189 (D.Mass.2004); *Sango–Dema v. INS*, 122 F.Supp.2d 213, 219 (D.Mass.2000). Mr. Cadieux's argument on the 1983 conviction is based on the erroneous premise that the conviction should not count, because non-consent was not an element. In fact, non-consent was an element of § 13B in 1983 and under the rationale well-expressed in *Sutherland, Lepore*, and *Sango–Dema*, the 1983 conviction for violation of § 13B is a "violent felony" under § 924(e)(2)(B).[9]

### 2. The 1989 Conviction: Victim Incapable of Consenting.

■ This leaves the 1989 conviction for indecent assault and battery on a child, a

8. Mass. Gen. Laws, ch. 265, § 13H reads: "Whoever commits an indecent assault and battery on a person who has attained age fourteen shall be punished by imprisonment in the state prison for not more than five years, or by imprisonment for not more than two and one-half years in a jail or house of correction."

9. The 1983 conviction alone might constitute two convictions under the ACCA. The complaints indicate that there were two victims under 14. Mr. Cadieux was convicted of three counts. The record is insufficient to determine whether these convictions were for crimes "committed on occasions different from one another" under 18 U.S.C. § 924(e)(1). *See United States v. Riddle*, 47 F.3d 460 (1st Cir.1995).

violation of § 13B. In 1986, Massachusetts amended § 13B to add the following sentence:

> In a prosecution under this section, a child under the age of fourteen years shall be deemed incapable of consenting to any conduct of the defendant for which said defendant is being prosecuted.

Mass. Gen. Laws ch. 265, § 13B (added by St.1986, ch. 187.) When Mr. Cadieux pleaded guilty of violating § 13B in 1989, the Commonwealth had only to demonstrate he committed an "indecent assault and battery" on a child under the age of fourteen; the consent or absence of consent of the victim was not an element. The Massachusetts Legislature determined as a matter of law a child cannot consent to an indecent assault and battery.

To constitute a "violent felony" under § 924(e)(2)(B), Mr. Cadieux argues the crime must 1) have as an element the "use, attempted use, or threatened use of physical force against the person of another"; or, 2) present "a serious potential risk of physical injury to another." [10] § 924(e)(2)(B)(i),(ii). He contends, because a child cannot consent as a matter of law, does not mean she did not consent as a matter of fact. He notes that under Massachusetts law, the touching that constitutes an "indecent assault" may be "however slight." *Mass. Sup.Ct.Crim. Prac. Jury Instructions* § 2.17 (2003). He concludes "a mere brushing touch... does not rise to the level of physical force contemplated by § 924(e)(2)(B)(i)." *Def.'s Memo. In Aid of Sentencing* at 3. Mr. Cadieux's argument is bolstered by the definition of "crime of violence" set forth in Application Note 1 of § 4B1.2, which includes a number of itemized violent crimes, ranging from murder to kidnapping, and

specifically includes only "*forcible* sex offenses." (emphasis supplied).

### a. First Circuit Authority: Crimes of Violence.

The First Circuit has not ruled on whether a conviction under § 13B constitutes a "violent felony" under § 924(e)(2)(B). However, it has considered similar arguments. In *Meader*, the First Circuit dealt with whether prior convictions under Maine law for statutory rape and unlawful sexual contact with a child under the age of fourteen constitute "crimes of violence" for career offender status. *Meader*, 118 F.3d at 881–82. *Meader* quickly eliminated U.S.S.G. § 4B1.2(a)(1), the career offender analogue to § 924(e)(2)(B)(i), since it requires that the conviction have "as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* at 882. The Court focused on whether a conviction for statutory rape or unlawful sexual contact would fall under the "otherwise" clause of § 4B1.2. *See* § 4B1.2(a)(2) & § 924(e)(2)(B)(ii)("or otherwise involves conduct that presents a serious potential risk of physical injury to another.").

Although *Meader* concluded the statutory rape conviction constituted a crime of violence, since it created a "serious risk of physical injury to another," *Meader*, 118 F.3d at 884, it did not reach the question of whether the unlawful sexual contact conviction was a crime of violence. Applying *Taylor*, the First Circuit noted that to determine whether a crime is a crime of violence, the trial court is "restricted to the statutory definitions of the prior offenses without regard to the particular facts underlying them;" however, the Court endorsed the district court's review

---

**10.** Unlike burglary, indecent assault and battery of a child under fourteen is not listed as one of the crimes constituting a violent felony in § 924(e)(2)(B)(ii).

of the charging documents to draw the conclusion that sexual intercourse between a 36 year old man and a 13 year old girl by its nature presented a serious potential risk of physical injury to the 13 year old. *Id.* at 882.

Nevertheless, *Meader* raised a number of questions about whether unlawful sexual contact would be considered a crime of violence. First, it implicitly criticized the courts, which had decided that sexual offenses involving minors should be classified as crimes of violence, noting they had "framed their holdings broadly... notwithstanding the lack of supporting data." *Id.* at 885 n. 15. It also commented that two of these cases involved the definition of "violent felony" under 18 U.S.C. § 16, which differs from the definitions in § 924(e)(2)(B)(i), (ii) and § 4B1.2(a)(1), (2). *Id.* Section 16 uses the term, "physical force" when describing both the elements of the offense and the conduct; whereas, § 924(e)(2)(B) and § 4B1.2(a) use the term, "physical force," when describing elements of the offense, but "physical injury," when describing the conduct.[11] *Meader* also found persuasive the medical literature regarding the possible physical injuries to a young female as a result of sexual intercourse with an adult male. *Id.* at 882–84. On the other hand, it approved the sentencing court's consideration of the age disparity between the defendant and the victim, stating that "the age of the girl and the chronological gap between her and the defendant were crucial facts that framed the nature of the crime, and were relevant to the question of injury." *Id.* at 884.

After *Meader,* the First Circuit again addressed the issue of "violent felony" in the context of statutory rape in *United States v. Sacko,* 178 F.3d 1 (1st Cir.1999) (*Sacko I* ). In *Sacko I,* the defendant had been previously convicted of a violation of Rhode Island's statutory rape law, which punishes "a person over eighteen who engages in sexual penetration with another person over the age of fourteen and under the age of consent, which is sixteen years of age." *Id.* at 2; *see R.I. Gen Laws § 11–37–6* (1989). After concluding that the crime of statutory rape can encompass both violent and non-violent conduct, the district court examined the indictment to learn what was charged. *Id.* at 4. The sentencing court, however, went further and examined the "facts of the crime" and concluded, after examining the circumstances, that the defendant had in fact committed a violent crime. *Id.*

*Sacko I* agreed that once the sentencing court determined the crime could encompass both violent and non-violent conduct, it was correct to examine the charging documents, but the First Circuit said the district court's inquiry "should have ended there." *Id.* at 5. It should not have analyzed the facts of the specific crime. The First Circuit compared two Seventh Circuit cases authored by Judge Posner: *United States v. Shannon,* 110 F.3d 382 (7th Cir.1997) (en banc) and *United States v. Thomas,* 159 F.3d 296 (7th Cir.1998).

---

11. 18 U.S.C. § 16 reads: "The term, 'crime of violence' means—(a) an offense that has as an element the use, attempted use, or threatened use of *physical force* against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that *physical force* against the person or property of another may be used in the course of committing the offense." (emphasis supplied).

18 U.S.C. § 924(e)(2)(B)("violent felony") and U.S.S.G. § 4B1.2("crime of violence") reads: "...(1) has as an element the use, attempted use, or threatened use of *physical force* against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of *physical injury* to another." (emphasis supplied).

In *Shannon*, the Seventh Circuit addressed whether sexual intercourse between a seventeen year old boy and a 13 year old girl is a crime of violence. Judge Posner wrote that "a serious risk of physical injury cannot be automatically inferred from the existence of a statutory-rape law." *Shannon*, 110 F.3d at 386. Yet, *Shannon* concluded, based on medical evidence, that "a 13 year old is unlikely to appreciate fully or be able to cope effectively with the disease risks and fertility risks of intercourse and that if she does become pregnant it is likely to be a high risk pregnancy both for her and the fetus." *Id.* at 387–88. By contrast, the Seventh Circuit in *Thomas* wrote that it is "difficult to maintain on *a priori* grounds that sex is physically dangerous to 16 year old girls." *Thomas*, 159 F.3d at 299. Comparing *Shannon* with *Thomas*, the First Circuit found itself "in the midst of an issue fraught with peril," and remanded the case to the district court "to take evidence on the issue whether the crime of sexual penetration of a fourteen-year-old by someone over the age of eighteen involves conduct presenting a serious potential risk of physical injury to the former." *Sacko I*, 178 F.3d at 5–6.

On remand, the district court conducted an evidentiary hearing and found "given the magnitude of immediate tissue injury and the likelihood that it will occur . . . the unadorned crime of third degree sexual assault involving penetration of a 14 year-year-old girl by a man over the age of 18 'presents a serious risk of physical injury' to the girl." *United States v. Sacko*, 247 F.3d 21, 24 (1st Cir.2001) (*Sacko II* )(quoting *United States v. Sacko*, 103 F.Supp.2d 85, 91 (D.R.I.2000).) The First Circuit affirmed. *Sacko II*, 247 F.3d at 25. *Meader* and *Sacko* give some comfort to Mr. Cadieux's position that by focusing on the risk of physical injury to the victim, sexual contact with a minor might not cause actual "physical injury" and, therefore, might not fit within the definition of a "violent felony" under § 924(e)(2)(B).

### b. United States v. Sherwood: Child Molestation.

The First Circuit drew the line, however, in *United States v. Sherwood*, 156 F.3d 219 (1st Cir.1998). In *Sherwood*, the First Circuit addressed a Rhode Island conviction for second degree child molestation. *Id.* at 221. Mr. Sherwood was convicted of Second Degree Sexual Assault, a violation of R.I. Gen. Laws § 11–37–4 (1956) (amended 1981):

> A person is guilty of a second degree sexual assault if he . . . engages in sexual contact with another person and if any of the following circumstances exist: (A) The victim is under thirteen (13) years of age . . . ."

Rhode Island law defined "sexual contact" as "the intentional touching of the victim's or accused's intimate parts, clothed or unclothed, if that intentional touching can be reasonably construed as intended by the accused to be for the purpose of sexual arousal, gratification, or assault". R.I. Gen. Laws § 11–37–1 (1956) (amended 1981). The Rhode Island statute further provided that "it shall not be necessary to prove that the victim physically resisted the accused if the victim reasonably believed that such resistance would be useless and might result in . . . serious bodily injury." R.I. Gen. Laws § 11–37–12 (1956) (amended 1981).

Noting this crime can encompass both violent and non-violent conduct, *Sherwood* stated the categorical approach allows the court to go beyond the fact of conviction and examine the indictment and jury instructions. In *Sherwood*, however, the defendant pleaded guilty and there were no jury instructions. Further, the indictment

simply reiterated the elements of the statute. The First Circuit knew only that the victim was at most 12 years old; the chronological gap between the defendant and the victim was not apparent. *Sherwood,* 156 F.3d at 221.

The defendant in *Sherwood* made the argument that *Meader*'s conclusion that "there is 'a serious potential risk for physical injury,' when there is sexual intercourse does not compel or even permit the same conclusion with respect to sexual touching." *Id.* at 221–22. The First Circuit disagreed. It expressly concurred with the Fifth Circuit that child molestation crimes "typically occur in close quarters, and are generally perpetrated by an adult upon a victim who is not only smaller, weaker, and less experienced, but is also generally susceptible to acceding to the coercive power of adult authority figures." *Id.* at 221 (quoting *United States v. Velazquez–Overa,* 100 F.3d 418, 422 (5th Cir.1996)). It held that "(w)hatever the dividing line between sexual offenses that constitute crimes of violence and those that do not, we adopt our sister circuit's conclusion that 'there is a significant likelihood that physical force' may be used to perpetrate (this) crime." *Id.* at 222 (quoting *Velazquez–Overa,* 100 F.3d at 422).

### c.   Other Jurisdictions.

The First Circuit's holding in *Sherwood* is consistent with other circuits. As *Sherwood* observed, in *Velazquez–Overa,* the Fifth Circuit held that a conviction for the State of Texas crime of indecency with a child constituted a "crime of violence." *Velazquez–Overa,* 100 F.3d at 422. Before and after *Velazquez–Overa,* a number of circuits have arrived at the same conclusion. In *United States v. Reyes–Castro,* 13 F.3d 377, 379 (10th Cir.1993), the Ninth Circuit concluded that attempted sexual abuse of a child is considered a crime of violence under 18 U.S.C. § 16.   The Ninth Circuit wrote:

A common sense view of the sexual abuse statute, in combination with the legal determination that children are incapable of consent, suggests that when an older person attempts to sexually touch a child under the age of fourteen, there is always a substantial risk that physical force will be used to ensure the child's compliance.

*Reyes–Castro,* 13 F.3d at 379.  *See also United States v. Rayo–Valdez,* 302 F.3d 314, 319 (5th Cir.2002) ("sexual offenses by adults against children carry the inherent risk of force upon or injury to the child."); *United States v. Moyer,* 282 F.3d 1311, 1315 (10th Cir.2002) (third degree sexual assaults of children under age of 12 constituted crimes of violence under § 4B1.4); *United States v. Pierce,* 278 F.3d 282 (4th Cir.2002)(indecent liberties with a child is a crime of violence under § 4B1.1); *United States v. Campbell,* 256 F.3d 381 (6th Cir.2001)(conviction for second degree criminal sexual conduct with a person, age 13 to 16, of the same blood affinity constitutes a crime of violence under § 4B1.2(a));  *United States v. Kirk,* 111 F.3d 390, 394–95 (5th Cir.1997)(indecency with eight-year-old child constitutes crime of violence under § 4B1.2); *United States v. Taylor,* 98 F.3d 768, 774 (3d Cir.1996)(indecent exposure conviction "unquestionably" constitutes crime of violence under § 4B1.1), *cert. denied,* 519 U.S. 1141, 117 S.Ct. 1016, 136 L.Ed.2d 892 (1997); *United States v. Wood,* 52 F.3d 272 (9th Cir.1995)(indecent liberties with person under 14 constitutes crime of violence under § 4B1.1); *United States v. Rodriguez,* 979 F.2d 138 (8th Cir.1992)(conviction for lascivious acts with a child constitutes crime of violence under § 2L1.2)*United States v. Coronado–Cervantes,* 154 F.3d 1242 (10th Cir.1998)(conviction for engaging in sexual contact with

a minor constitutes crime of violence under § 4B1.1).[12]

#### d. The Indecent Assault and Battery Conviction.

■ The Court's first obligation is to categorize the crime Mr. Cadieux committed. *Taylor*, 495 U.S. at 602, 110 S.Ct. 2143; *Meader*, 118 F.3d at 882. Mr. Cadieux is correct that the indecent assault and battery statute does not require the "use, attempted use, or threatened use of physical force" as an element of the crime. This statute could encompass both violent and non-violent conduct. *See Sherwood*, 156 F.3d at 221. Accordingly, the Court may examine the indictment or information and jury instructions to discern "which type of crime the offender was convicted of perpetrating." *Id.* (quoting *United States v. Damon*, 127 F.3d 139, 145 (1st Cir.1997)). As in *Sherwood*, however, Mr. Cadieux pleaded guilty and there are no jury instructions. Except to establish he was charged with committing the crime against the same victim "on diverse dates and times" between September 1984 to February 1985, the Indictment sheds little light on his crime beyond what could be gleaned from the statute itself.[13]

Both First Circuit and Massachusetts case law illuminate the nature of Mr. Cadieux's admitted conduct. In *Emile v. INS*, 244 F.3d 183 (1st Cir.2001), the First Circuit discussed whether a conviction for indecent assault and battery under § 13B constituted the deportable offense of "sex-ual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A). The defendant argued his § 13B conviction was not a conviction under § 1101, because § 13B under Massachusetts case law could include indecent touching directed against the minor regardless of the accused's specific intent and not necessarily for the purpose of sexual arousal, gratification, or offense. *Id.* at 186, *see* 18 U.S.C. § 2246. Thus, he contended his state law conviction was not a deportable offense. *Emile*, 244 F.3d at 187. In *Emile*, the First Circuit stated it had reviewed "dozens of cases and are unpersuaded that section 13B has been applied by Massachusetts courts to conduct other than intentional touchings of a sexual character directed against minors." *Id.* at 188. *Emile* rejected the defendant's suggestion that § 13B could criminalize conduct as benign as "an arm around the waist." *Id.*

Massachusetts case law supports the First Circuit's conclusion in *Emile*. *Commonwealth v. Knap*, 412 Mass. 712, 592 N.E.2d 747 (1992); *Commonwealth v. Nuby*, 32 Mass.App.Ct. 360, 589 N.E.2d 331 (1992). Interpreting § 13H, Massachusetts case law requires to an indecent assault and battery be an "intentional, unprivileged and indecent touching of the victim." *Commonwealth v. Mosby*, 30 Mass.App.Ct. 181, 567 N.E.2d 939, 941 (1991)(quoting *Commonwealth v. Perretti*, 20 Mass.App.Ct. 36, 477 N.E.2d 1061, 1066 (1985)). More specifically, under § 13H, it has been held an indecent assault and

---

12. The sole case this Court found to the contrary is a 1994 unpublished Ninth Circuit opinion. *United States v. Dia*, 1994 WL 590138, at *3 (9th Cir.1994) (unpublished opinion) (sexual contact with a minor not a conduct which by its nature presents a serious potential risk of physical injury).

13. The Indictment alleges that "on the first Tuesday of January in the year of our Lord one thousand nine hundred and eighty-nine THE JURORS for said Commonwealth on their oath present, That David Cadieux on divers (sic) dates and times, from on or about September in the year of one thousand nine hundred and eighty-four to on or about February in the year of one thousand nine hundred and eighty-five, in the County of Barnstable aforesaid did commit an indecent assault and battery on one ..., a child under the age of fourteen years."

battery constitutes such conduct as "the intentional, unjustified touching of private areas such as 'the breasts, abdomen, buttocks, thighs, and pubic area of a female.'" *Mosby*, 567 N.E.2d at 941 (quoting *Commonwealth v. De La Cruz*, 15 Mass.App. Ct. 52, 443 N.E.2d 427 (1982)).

By pleading guilty to a violation of § 13B, Mr. Cadieux committed a crime consistent with its statutory elements "as construed by the state courts." *Emile*, 244 F.3d at 187. He committed this crime against a person who at the time was less than 14 years old.[14] He committed this crime by intentional, unprivileged, and indecent touching of the victim, specifically one or more private areas. In this Court's view, a comparison between the indictment and the elements of the statute as illuminated by applicable case law mandates the application of the *Sherwood* holding to Mr. Cadieux's 1989 conviction for Indecent Assault and Battery on a Child Under Fourteen.[15]

## III. CONCLUSION

This Court holds that Mr. Cadieux's 1983 and 1989 convictions for Indecent As-

sault and Battery on a Child Under Fourteen under Mass. Gen. Laws ch. 265, § 13B constitute violent felonies under 18 U.S.C. 924(e)(2)(B).

**SO ORDERED.**

---

**14.** In *Meader* and in *Sacko I*, the First Circuit gleaned the age of the defendants from the indictments. *Meader*, 118 F.3d at 884 n. 10; *Sacko I*, 178 F.3d at 5 n. 2. Here, there is no reference to Mr. Cadieux's age in the 1989 indictment, but Mr. Cadieux's date of birth is set forth in the Presentence Investigation Report and has not been a matter of controversy. In *Meader*, the First Circuit concluded it would be "excessively artificial" to ignore the indictment information, which was set out in only one count in a matter that "so clearly increases its understanding of the nature of the statutory rape charged in the other count." *Meader*, 118 F.3d at 884 n. 10. Because Mr. Cadieux's age is not reflected anywhere in the charging document, this Court will not consider it, despite the fact it strikes the Court as equally artificial not to do so.

**15.** Massachusetts has defined a conviction under § 13B as a "sex offense," a "sex offense

involving a child," and a "sexually violent offense." Mass. Gen. Laws ch. 6, § 178C (1978). Further, the Massachusetts Supreme Judicial Court has expressly referred to a conviction under § 13B as a "sex offense." *Doe v. Sex Offender Registry Bd.*, 428 Mass. 90, 697 N.E.2d 512, 515 (1998); *see Emile*, 244 F.3d at 188. However, the First Circuit has stated it "has never held that the analysis of what constitutes a 'violent felony' for purposes of the ACCA turns on state law." *Sacko II*, 247 F.3d at 24. *Sacko II* went on to say because a state's classification of a crime generally reflects different policy considerations than the federal classification, it is "simply not relevant" to the determination of whether the crime is a "violent felony" under federal law. *Id.* at 25. *See Sherwood*, 156 F.3d at 222 n. 3. Because the Massachusetts classification of § 13B is "not relevant," this Court has not considered it.